JANE REDDING v. HENRY ROZELL AND JAMES H. REDDING.

*Correcting voluntary deed—In passing upon particular equity between husband and wife, general equities and dealings will be considered.*

1. A voluntary deed cannot be corrected without the consent of all the parties to it.

2. It is not the business of a court of equity to burden itself with the hunting out of some particular equity between a husband and wife, whose conduct, on either side, does not show such a case, on the whole, as to warrant equitable interference, for either, in their financial dealings or transactions.

Appeal from Berrien. (Smith, J.) Argued January 5 and 6, 1886. Decided February 3, 1886.

Complainant appeals. Decree affirmed.

*O. W. Coolidge* and *Clapp & Bridgman*, for complainant.

*Edward Bacon*, for defendant, Rozell.

MORSE, J. The main parties to this controversy are the same as in the case of *Rozell v. Redding*, 59 Mich., 331, only their positions as parties are inverted. The defendant, James H. Redding, who is now the husband of Jane, who was once the wife of Henry Rozell, it is conceded has no interest in the suit, and was only made a party, nominally, because of his being used as an instrument in the conveyance sought to be rectified by complainant's bill of complaint.

Much of the evidence in the two cases is identical, and is outlined in the opinion in *Rozell v. Redding*. It will be necessary, therefore, to refer only to that portion of the record, in this case, that refers to the particular piece of land in controversy here.

One Benjamin F. Needham sold the N. ½ of the W. ½ of the S. E. ¼ of section 7, in town 8 S., of range 18 W., in Berrien county, on the sixteenth day of May, 1867, to the defendant, Henry Rozell, said Rozell paying $300 down, and executing a mortgage back to Needham upon the premises, for $1,000, his note for the same amount accompanying the mortgage, said note and mortgage becoming due in seventeen months therefrom.

On the ninth day of October, 1868, Henry Rozell and the complainant, Jane Redding (being then Jane Rozell, and the wife of said Henry), deeded the land, as they supposed, to James H. Redding, and he, at the same time, conveyed the same premises to Jane Rozell (now Redding.) The conveyance was made through Redding, because it was thought by the parties that the husband could not legally deed directly to the wife. A mistake was made in both conveyances in

describing the land, the description being the N. ½ of the
W. ½ of the S. W. ¼.   It is conceded that Henry Rozell did
not then and never has owned any land on the southwest
quarter.

The complainant claims that she has an equitable right to
have this mistake corrected, and invokes the aid of the court
for that purpose.   She avers that she obtained this convey-
ance upon an agreement with her husband that she should
take up and pay this $1,000 note and mortgage, and that she
has done so, paying something over $1,100, and getting a
discharge of the mortgage; and that she cleared upon said
premises about ten acres, and made some other improvements,
amounting in all in value to about $190.   The evidence
shows that she did pay the note and mortgage, but the defend-
ant, Rozell, claims she paid it out of moneys that belonged to
him, which she denies.   He also claims that the deed by him
to her was a voluntary one, coupled with a verbal condition
that she should build and live upon it.   It is conceded that
she took possession at once, or very soon after the deed, of
the premises, and cleared about ten acres, and has since cul-
tivated the clearing and paid the taxes yearly upon the whole
premises.   She did not build or live upon it.

We are not certain, from the evidence, whether the note
and mortgage were paid by complainant out of her own
funds, or from moneys that rightfully belonged to her hus-
band.

If the note and mortgage were paid by Rozell's money,
the conveyance by him, through Redding, to complainant was
in all respects a voluntary one.   If a voluntary deed, it can-
not be corrected without the consent of all the parties to it.

But if the complainant did pay the note and mortgage, as
she claims, it does not necessarily follow that she is entitled
to relief in a court of equity.   The court has a right, in pro-
ceedings of this nature, to consider all the equities between
the parties to the controversy; and if the general equities of
the whole of the dealings between them, especially in matters
between husband and wife, are against the complainant, or
equal, she can very properly be refused relief in a particular

part of such dealings, though as to the one transaction a particular equity may seem to exist in her favor.

By a course of proceeding not entirely creditable to her, she is now possessed of nearly all of the real estate and property of the defendant, acquired from him while she was his wife, and mainly because she was his wife, yet obtained under such circumstances of his own folly, as shown in *Rozell v. Redding*, that we could not grant him any relief. She has turned him out of doors, perhaps not without reason, and married another. We do not feel called upon to exercise, however, any further equitable jurisdiction in her behalf.

The circuit judge, who must have obtained some knowledge of the parties and the witnesses that we do not possess, saw fit to leave the parties to this and the other controversy as they were, dismissing both bills of complaint. It is not the business of a court of equity to burden itself with the hunting out of some particular equity between a husband and wife, whose conduct, on either side, does not show such a case, on the whole, as to warrant equitable interference for either in their financial dealings or transactions.

The complainant certainly has the advantage so far, in a worldly sense, and we do not care to increase it.

The decree of the court below must be affirmed, with costs of both courts.

CAMPBELL, C. J., and CHAMPLIN, J., concurred. SHERWOOD, J., concurred in the result.