## SHEARS *v.* WESTOVER.

MISTAKE—EQUITY—REFORMATION OF VOLUNTARY DEED.

An error in the description of land in a voluntary conveyance will not be corrected in equity unless all of the parties consent.

Appeal from Ottawa; Padgham, J. Submitted June 9, 1896. Decided July 31, 1896.

Bill by Theresia Thompson Shears and another against Charles M. Westover and others to reform a deed. From a decree for complainants, defendants appeal. Reversed.

*Walter I. Lillie,* for complainants.

*George A. Farr,* for defendants.

LONG, C. J. This bill is filed to reform a deed made by Stephen Thompson in his lifetime. The deed was executed on the 8th day of October, 1886, and described the premises as the N. ½ of N. E. ¼ of section 23, and N. ½ of S. E. ¼ of N. E. ¼ of section 23, all in town 8 N., range 15 W., Ottawa county, Mich. It is claimed by complainants that the land intended to be conveyed was the N. ½ of S. E. ¼, and N. ½ of S. E. ¼ of S. E. ¼, of section 23, town 8 N., range 15 W., Ottawa county, Mich.

It appears that Mr. Thompson was about 78 years of age at the time this deed was made. He died in the year 1888. For many years, and up to his death, he lived upon the lands last described, and was the owner thereof. His wife died in 1886. He had two children,—a son, Charles, and a daughter, Alice. Charles died in 1885, leaving his widow, Theresia, and a son, the complainants here. After the death of her husband, she married Barnard Shears. The daughter, Alice, married John Westover. She died in 1886, leaving six children, the defendants in this case. After the wife of Stephen Thompson died, his daughter-in-law, the complainant here, with her child, George C. Thompson, came to live with him. This was in September, 1886. She remained at the house of Stephen, and, on October 8th of the same year, the deed in controversy was made to George C. Thompson, the grandson. The consideration expressed in the deed is one dollar, and there is a stipulation in it as follows:

"Theresia Thompson is to have enough of the west forty to cover buildings north and south across the forty, and what wood she needs to burn off from the one hundred acres anywhere, until George C. is twenty-one years of age. Alice Thompson Westover's children shall have the use of the balance of the one hundred acres until George C. Thompson is of age, by keeping fences in good repair, and not to cut or destroy any timber on said premises; but not until Stephen Thompson's death shall they have any control over these premises, and they are to pay all taxes assessed against said land from his death. If George C. Thompson should die before coming to the age of majority, the west thirty acres shall belong to Theresia Thompson, and the rest be equally divided with Alice's heirs; and all personal property left at his death shall go to Theresia Thompson or her child, George C. Thompson."

As soon as Stephen Thompson died, John M. Westover, with his children, took possession of the part going to the children of Alice, and they have continued to live there since. Theresia and her son have lived upon and occu-

pied the other portion in accordance with the stipulation in the deed. The error was not discovered in the deed until the year 1893, when an ejectment suit was commenced in behalf of one of these defendants. The plaintiff in that suit prevailed, and this bill was then filed to correct the error. The testimony was taken in open court, and a decree entered in favor of the complainants. Defendants appeal, and now claim:

1. That the grantor was incompetent at the time the deed asked to be reformed was executed.

2. That the deed was a voluntary one, given without consideration, and that equity will not extend its aid in reforming such an instrument.

3. That, under the case made by the complainants, there was no mutual mistake made or claimed, and no contract between the parties leading to the conveyance, and for this reason the case does not fall within any equitable jurisdiction.

But one question need be discussed. The deed was a voluntary one, and will not be reformed in equity. The rule is well stated in section 987, 2 Story, Eq. Jur.:

" The general principle is established that in no case whatsoever will courts of equity interfere in favor of mere volunteers, whether it be upon a voluntary contract or a covenant or a settlement, however meritorious may be the consideration, and although they stand in the relation of a wife or child."

The case is governed by *Redding* v. *Rozell*, 59 Mich. 476. In that case the principle is settled that a voluntary deed cannot be corrected without the consent of all the parties. In the present case no consideration is claimed. The grantor, if living, could not be compelled to correct the deed, it being a mere voluntary conveyance; and, under the well-settled rule, a court of equity will not lend its aid to correct the description.

The decree of the court below must be reversed, and a

decree entered here dismissing the bill. Defendants will recover their costs of both courts.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. GRANT, J., did not sit.