TUTHILL v. KATZ.

1. REFORMATION OF INSTRUMENTS—EQUITY—DEEDS.
   Equity will refuse its aid to rectify a mistake in a conveyance that is wholly without consideration unless all the parties consent.

2. RES JUDICATA—JUDGMENT—DECREE—EQUITY.
   In an action of ejectment, the defendants were not concluded as to the matter of title by a decree dismissing a former bill of complaint filed by a predecessor in title of defendant

against plaintiff and others to correct an erroneous description in a deed not supported by any consideration, no affirmative relief having been claimed in the answers to the bill: the decree left the parties *in statu quo.*

Error to Calhoun; North, J. Submitted January 10, 1913. (Docket No. 64.) Decided March 20, 1913.

Ejectment by Rosette I. Tuthill against Frank Katz and Frederick Katz. Judgment for defendants. Plaintiff brings error. Affirmed.

*Jesse M. Hatch,* for appellant.

*Winsor & Miller,* for appellees.

KUHN, J. This case has been here before, and is reported in 163 Mich. 618, where the facts are fully and clearly set forth. The case having been reversed, on the new trial it was tried before the court without a jury. As in the opinion of the trial judge, the record made on the rehearing did not differ in any material way from that made in the original trial, in accordance with the opinion of this court, he found for the defendants. On this appeal it is claimed that on the former hearing in this court an incorrect opinion was had in reference to the facts concerning the chancery case, the records and files of which, it was said in the previous opinion, were not relevant to the issue. It is the claim of plaintiff and appellant that the decree in that case is *res adjudicata* of the question involved in this suit. Was the title of the 17½ acres adjudicated in the chancery suit ? The bill in that case was filed to correct the description of the 17½ acres in the deed from William V. Rowley and wife to Alonzo J. Rowley. This plaintiff and one of the defendants therein answered, but asked for no affirmative relief. The court found that the deed was without consideration.

It is a well-established rule that a court of equity will refuse its aid to rectify a mistake in a conveyance that is voluntary and without consideration unless all of the par-

ties consent. *Redding* v. *Rozell,* 59 Mich. 476 (26 N. W. 677); *Shears* v. *Westover,* 110 Mich. 505 (68 N. W. 266); 34 Cyc. p. 928.

The court, undoubtedly basing its finding upon this rule, refused to give complainant relief and dismissed the bill. In so far as the title of the property was concerned, this left the parties *in statu quo.* Defendants having asked for no affirmative relief, a decree could not be made determining the title to the land in question; and the language used by the judge, which it is claimed should be construed as determining this question, is of no effect and no part of the decree. *Vary* v. *Shea,* 36 Mich. 388; *Vroman* v. *Thompson,* 51 Mich. 452 (16 N. W. 808).

Judgment is affirmed, with costs.

STEERE, C. J., and MOORE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred