MILLER v. BEARDSLEE.

1. DEEDS—DESCRIPTION—EVIDENCE.

A deed of real property described as the "west half of the northeast quarter, also the east half of the northwest quarter, except 18 acres off the southwest corner; also the northwest corner of the west half of the southeast quarter lying north of property of Michigan Central Railroad Company," was defective for omitting the section, town and range, although it mentioned the name of the township in which the land was situated; evidence that the railroad company owned a right of way in several sections in the township named left the last portion of the description ambiguous.

2. SAME—EQUITY—REFORMATION OF INSTRUMENTS.

Equity will not correct the deed of a deceased grantor who received no consideration for the conveyance.

3. SAME—DELIVERY—ESCROW.

Testimony that decedent instructed her attorney in fact that if a settlement of certain business transactions on the part of the husband of one of her heirs should be made with her, she wished nothing to come of a voluntary deed placed in escrow with him, that the directions were given an hour after the execution of the instrument, held, to show a single transaction and to render the delivery incomplete or insufficient to pass title after the death of the grantor.

Appeal from Oakland; Smith, J. Submitted April 9, 1913. (Docket No. 18.) Decided May 28, 1913.

Bill by Savilla Miller against John L. Beardslee and others to cancel a deed of Alice Smith, deceased. From a decree for defendants, complainant appeals. Reversed.

*Maxwell W. Benjamin,* for complainant.

*Perry & Lynch,* for defendants.

OSTRANDER, J. In this cause the bill was filed by a sister and one of four heirs at law of Alice Smith, deceased, to cancel a deed of real estate, executed by Alice to two of her heirs and recorded after her death. The court, after a hearing upon the merits, dismissed the bill. Complainant, appellant, contends that for two reasons this decree was erroneous: *First,* because when the deed was delivered it contained no sufficient description of the premises intended to be conveyed; *second,* the deed was not so delivered by the grantor as to pass or evidence the passing of title. The material facts are not in dispute, although precisely what was said and done at the time the deed was executed and delivered is not perhaps entirely clear. The grantees paid nothing for the land or the deed. The deed was executed and dated January 12, 1911. It contains the usual covenants of warranty. The grantor died June 24, 1911.

When the deed was presented for record, the premises were described therein as:

"All of certain pieces or parcels of land situate and being in the township of Oakland, county of Oakland and State of Michigan, and described as follows, to wit: The west half (½) of the northeast quarter (¼); also the east half (½) of the northwest quarter (¼), except eighteen (18) acres off southwest corner. Also the northwest corner of the west half (½) of

the southeast quarter (¼) lying north of property of Michigan Central R. R. Co."

The county treasurer was unable to certify that the taxes had been paid, and the deed was withdrawn. It was returned and was recorded June 27, 1911, at which time it contained, in addition to the foregoing, the words:

"All of section twenty (20), town four (4) north, range eleven (11) east, Michigan."

It is apparent that when the deed was executed and delivered by the grantor it contained no complete description of land. The words, "lying north of property of Michigan Central R. R. Co.," are the only words employed which can by any possibility aid the description. And these words, in the light of certain testimony which was admitted, are found to afford no real aid because the railroad company had at least a right of way in seven sections in Oakland township. Other testimony, admitted without objection, and not disputed, tended to prove that Alice Smith owned land, otherwise corresponding with the description in the deed, in section 20 in said township and owned no other land in the township. Defendants say that this testimony, having come in without objection, may be properly used to determine what land was intended to be conveyed and to sustain the deed. We think this is not so. The case for complainant, so far as it is now presented, is this: Complainant is heir at law of Alice Smith. Alice Smith died owner of certain land unless she had conveyed it in her lifetime. She had not conveyed it because her voluntary effort in that direction was imperfect. The instrument she executed requires correction to make it effective.

The grantor being dead, a court of equity will not correct it. *Redding* v. *Rozell,* 59 Mich. 476 (26 N. W. 677); *Shears* v. *Westover,* 110 Mich. 505 (68 N. W. 266). See, also, *Tuthill* v. *Katz,* 174 Mich. 217 (140

N. W.. 519). The conveyance therefore remains ineffective, and insufficient evidence of a transfer of the land by the owner thereof in her lifetime. As the instrument and the record of the amended instrument are relied upon by defendants John Beardslee and Elizabeth Axford (the bill was taken as confessed by the defendant Mattie Sykes, an heir, and by Matthew Knight, who was in possession of the property) as evidence of their title to the land, the instrument should be canceled and the record declared to be of no effect.

While decision may be rested here, we think it proper to say that the testimony fails to convince us that the deed was delivered with the intention, on the part of the grantor, to presently divest herself of the title. It appears to be clear that Mrs. Smith instructed the custodian of the deed, whom by a separate instrument she had made her general attorney in fact, that if the husband of complainant made a satisfactory settlement with her, or with her attorney for her, she wished nothing to come of it. Counsel for defendants make the point that by a fair reading of the testimony this instruction was given after the deed was delivered to the custodian with instructions to keep it and record it after her death; that, consequently, title had passed and could not be recalled by a later and further instruction. We are impressed that it was at all times understood by Mrs. Smith and by the person to whom the deed was delivered that the only reason given by Mrs. Smith for disinheriting her sister, the complainant, was the one that she believed that the husband of complainant had dealt unfairly with her in certain business matters—a reason that would not exist if he, before her death, corrected his conduct and the effects of it. The fact that the particular instruction, as recollected by the witness, was given some time, an hour perhaps, after the deed was completed and delivered, is not, we think, a good reason

for regarding her instruction otherwise than as single —as expressing her intention and purpose that title should not pass by such delivery of the deed as was made.

The decree of the court below is reversed. A decree will be entered in this court granting complainant the relief prayed for in the bill, with costs to appellant against defendants Beardslee and Axford, and the record will be remanded for such further proceedings in the court below as may be necessary.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.