DROPPERS *v.* MARSHALL.

FRAUDS, STATUTE OF—CONTRACTS—BREACH—DESCRIPTION OF LAND.
A contract for the sale of land described as "All that certain piece or parcel of land situate in the township of Byron, in the county of Kent and State of Michigan, described as follows, viz.: The east half of the southeast quarter and the southeast quarter of the northeast quarter, less one acre (E. ½ S. E. ¼ and S. E. ¼ of N. E. ¼, less 1 A) of township 5 north of range 12 west, containing 119 acres of land, more or less, according to the government survey thereof," was defective under the statute of frauds (3 Comp. Laws 1915, § 11977) for omitting the section, and an action for the breach thereof could not be maintained.

Error to Kent; McDonald, J. Submitted April 22, 1919. (Docket No. 82.) Decided July 17, 1919.

Assumpsit by Anthony C. Droppers against Ernest W. Marshall for breach of a land contract. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial ordered.

*Hatch, McAllister & Raymond,* for appellant.

*Herman & Johnson,* for appellee.

KUHN, J. This is an action brought to recover damages for the breach of a written contract. The case has been in this court before, and is reported in 203 Mich. 173. Upon being retried, a verdict was had in favor of the plaintiff and against the defendant in the sum of $1,343.19, upon which verdict judgment was duly entered. The description of the premises in the contract is as follows:

"All that certain piece or parcel of land situate in the township of Byron, in the county of Kent and State of Michigan, described as follows, viz.: The east

half of the southeast quarter and the southeast quarter of the northeast quarter, less one acre (E. ½ S. E. ¼ and S. E. ¼ of N. E. ¼, less 1 A) of township five north of range twelve west, containing one hundred nineteen acres of land, more or less, according to the government survey thereof; also personal property as follows: one team of mares, one bay and one roan, about eight and nine years old; one Corn King manure spreader, all straw to remain on the premises, manure carrier to be left on the tracks in the barn, also the large hay fork and ropes to remain on said premises, and the lighting system to remain in the house."

When this contract was offered in evidence, it was objected to by defendant's counsel on the ground that it was ambiguous, uncertain and indefinite, there being no land described in the contract, no section mentioned, and the location of the excepted acre was not specified. Objection was also made to the introduction of any evidence under the declaration, for the reason that it did not describe any land, as it follows the description in the contract and such description was uncertain, indefinite and ambiguous, and the contract void. These objections were overruled, and on application of plaintiff's counsel, the court allowed an amendment to the declaration inserting "section 8" in the description. At the close of plaintiff's testimony defendant's counsel moved the court,—

"to direct a verdict in favor of the defendant on the ground that the contract is void under the statute of frauds for the reason that the description is ambiguous, uncertain and indefinite in two respects, *first,* there is no section mentioned; *second,* the location of the acre which is excepted is not mentioned."

This motion was likewise overruled. On the trial the plaintiff testified that the bargain was made at the Byron Center Bank and on Mr. Marshall's farm, and also that certain personal property mentioned in

206—Mich.—36.

the contract was in Mr. Marshall's (defendant's) barn and that the barn was on section 8.

The question which is before us for solution is whether, under the description as presented by the contract, it was proper to resort to parol evidence in aid of the writing. It is the claim of the defendant and appellant that the description is not sufficient under the statute of frauds (3 Comp. Laws 1915, § 11977), and it is urged that in this class of cases, whether the description is general or specific, it must be complete in itself and leave nothing to rest in parol, and that in the present case the description is clearly deficient, because in two particulars the indefiniteness of the description would have to be aided before the description could be applied to land, viz., the section would have to be supplied and the location of the excepted acre would have to be designated. An examination of the authorities and text books (see 2 Devlin on Real Estate [3d Ed.], §§ 1010-1013*d*) discloses that the decisions are not at all in harmony on this subject, which fact was early recognized by this court in the case of *Eggleston* v. *Wagner*, 46 Mich. 610. But whatever the state of the law may have been, the question here involved, that is, whether the description was sufficient with the omission of the section number, was squarely passed upon by this court in the case of *Miller* v. *Beardslee*, 175 Mich. 414. In the deed there in question the premises were described as follows:

"All of certain pieces or parcels of land situate and being in the township of Oakland, county of Oakland and State of Michigan, and described as follows, to wit: The west half ($\frac{1}{2}$) of the northeast quarter ($\frac{1}{4}$); also the east half ($\frac{1}{2}$) of the northwest quarter ($\frac{1}{4}$), except eighteen (18) acres off southwest corner. Also the northwest corner of the west half ($\frac{1}{2}$) of the southeast quarter ($\frac{1}{4}$) lying north of property of Michigan Central R. R. Co."

Subsequently the following was added to the description:

"All of section twenty (20), town four (4) north, range eleven (11) east, Michigan."

With reference to the sufficiency of this description, we in that opinion said:

"It is apparent that when the deed was executed and delivered by the grantor it contained no complete description of land. The words, 'lying north of property of Michigan Central R. R. Co.,' are the only words employed which can by any possibility aid the description. And these words, in the light of certain testimony which was admitted, are found to afford no real aid because the railroad company had at least a right of way in seven sections in Oakland township. Other testimony, admitted without objection, and not disputed, tended to prove that Alice Smith owned land, otherwise corresponding with the description in the deed, in section 20 in said township and owned no other land in the township. Defendants say that this testimony, having come in without objection, may be properly used to determine what land was intended to be conveyed and to sustain the deed. We think this is not so. The case for complainant, so far as it is now presented, is this: Complainant is heir at law of Alice Smith. Alice Smith died owner of certain land unless she had conveyed it in her lifetime. She had not conveyed it because her voluntary effort in that direction was imperfect. The instrument she executed requires correction to make it effective.

"The grantor being dead, a court of equity will not correct it. *Redding* v. *Rozell*, 59 Mich. 476 (26 N. W. 677); *Shears* v. *Westover*, 110 Mich. 505 (68 N. W. 266). See, also, *Tuthill* v. *Katz*, 174 Mich. 217 (140 N. W. 519). The conveyance therefore remains ineffective, and insufficient evidence of a transfer of the land by the owner thereof in her lifetime."

We are of the opinion that this decision disposes of the question here involved in accordance with the claim of the defendant and appellant that the descrip-

tion is not sufficient under the statute of frauds. The circuit judge was in error in not so holding and in not directing a verdict in accordance with the motion made by the defendant. As this effectually disposes of plaintiff's claim, the judgment is reversed and no new trial ordered, with costs to the appellant.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.