DUNCOMBE *v.* TROMBLE.

1. FRAUDS, STATUTE OF—PURCHASE OF LAND—MEMORANDUM OF AGREEMENT—SUFFICIENCY OF DESCRIPTION.

In view of 1 Comp. Laws 1915, § 3350, relative to land platted into lots or blocks, requiring a title or caption to the plat, that it be recorded in the county where the land is situated as well as in the office of the auditor general of the State, and endeavoring to prevent duplication of titles or captions, the description of land in a receipt as "lot 95, Robert Oakman's Livernois and Terminal Sub.," *held*, sufficient to satisfy the statute of frauds, although no reference is made therein to any State, county, city, township, section, or recorded plat.

2. VENDOR AND PURCHASER — RESCISSION — IMPOSITION OF NEW TERMS JUSTIFIED RESCISSION.

Where the memorandum of agreement to purchase land contained no building restrictions or any obligation to erect a dwelling thereon within a specified time, demand by the vendor that vendees execute a contract containing said provisions justified their refusal to go on with the purchase unless vendor receded from such demand.

3. SAME — NOTICE OF RESCISSION — DEMAND FOR MONEY PAID — FUTILE DEMAND UNNECESSARY.

The bringing of an action by the vendees for money paid down within a few days after the execution of a memorandum of purchase operated as notice to the vendor that they refused to go ahead with the purchase under new terms imposed, and also operated as a demand for the return of the money paid, and vendor was not entitled to notice of rescission and demand for performance in accordance with the terms of the memorandum before bringing said action, where the evidence shows that said demand would have been futile.

Error to Wayne; Williams (Benjamin), J., presiding. Submitted April 11, 1922. (Docket No. 51.) Decided June 5, 1922.

Assumpsit in justice's court by Clark A. Duncombe and another against Eugenia A. Tromble for money had and received. There was judgment for defendant, and plaintiffs appealed to the circuit court. Judgment for defendant. Plaintiffs bring error. Reversed.

*Dreifuss & Dreifuss,* for appellants.

*Leroy J. Gilbert,* for appellee.

WIEST, J. This is an action in assumpsit, brought to recover the sum of $500, paid to defendant by plaintiffs upon a claimed void and rescinded agreement for the sale of real estate. On August 13, 1920, Susan Duncombe gave to Charles Messmer, as agent for defendant, the sum of $10 and received a receipt reading:

"Aug. 13, 1920.
"Received from C. Duncombe $10.00 as option on house on lot No. 95.
(Sgd.) "CHAS. MESSMER."

August 16, 1920, Clark A. Duncombe paid defendant in person $490 and received the following receipt:

"Detroit, Mich., Aug. 16, 1920.
"Received of Clark A. Duncombe, Susan M. Duncombe, five hundred and no/100 dollars, to apply on contract—lot 95, Robert Oakman's Livernois and Terminal Sub.
$500.00
$40 per month.
$4,250.00 purchase price.
(Sgd.) "EUGENIA A. TROMBLE."

The next day defendant presented to Mr. Duncombe a land contract in duplicate for himself and wife to execute. Mrs. Duncombe was in the country and Mr. Duncombe took the papers to her and upon examining them they found building restrictions and an obligation to build a home on the lot within two and one-half

years. Plaintiff refused to execute the contract and on September 2, 1920, brought this suit to recover the sum they had paid.

There is a dispute as to the reason given for refusal to execute the contract, but we do not consider this of any decisive importance. Plaintiffs' right, if any, to recover rests upon the following grounds: (1) The failure of the memorandum agreement or receipt to comply with the statute of frauds; (2) the tender of a contract with building restrictions and an obligation to build a home, neither of which, according to the memorandum, had been the subject of agreement.

It is claimed the receipt given by defendant does not locate the property in any State, county, city, township, section or recorded plat. The receipt designates the property as lot 95, Robert Oakman's Livernois and Terminal subdivision. The contract presented plaintiffs described the land as:

"The following described land, situated in the city of Detroit, Wayne county, Michigan, to-wit: Lot number ninety-five (95) of Robert Oakman's Livernois and Terminal subdivision of part of fractional section twenty-two (22), town one (1) south, range eleven (11) east, Greenfield township, Wayne county, Michigan, according to the plat thereof as recorded in the office of the register of deeds for Wayne county, Michigan, in liber thirty-five (35) of plats on page sixty-four (64)."

We think the property sufficiently identified in the receipt. Under the statute, 1 Comp. Laws 1915, § 3350, relative to land platted into lots or blocks, a title or caption to the plat is required and this is of record in the county where the land is situated as well as in the office of the auditor general of the State. The statute endeavors to prevent duplication of titles or captions. This title or caption operates as an earmark of the land so platted, and the desig-

nation in the receipt of the premises as lot 95, Robert Oakman's Livernois and Terminal subdivision, rendered the premises easy of identification.

Under the memorandum or receipt defendant had no right to demand the execution of a contract containing building restrictions and an obligation to erect a dwelling within two and one-half years. Such demand materially lessened the open market value of the land and departed from the memorandum agreement, and justified plaintiffs in refusing to go on with the deal unless defendant receded from such demand. The testimony shows that it would have been futile on the part of the plaintiffs to attempt to get defendant to make a contract in accordance with the agreement.

The learned circuit judge entered judgment for defendant, holding the receipt sufficiently described the property, and the proffered land contract did not authorize plaintiffs to rescind without giving defendant an opportunity to enter into a contract in accordance with the terms of the receipt. This held the plaintiffs to abide the memorandum agreement in face of the fact the defendant insisted upon other terms.

Defendant claims she was entitled to notice of rescission before suit and to a demand for performance in accordance with the terms of the receipt. Plaintiffs claim they notified defendant of their refusal to execute the contract presented and demanded a return of their money.

Whether plaintiffs so notified defendant, or not, under the circumstances here disclosed, does not defeat the action. The bringing of the suit within a few days after the payment of the money operated as notice to defendant of the refusal of the plaintiffs to go ahead with the deal under the new terms imposed and as a demand for the return of the money paid. The bringing of suit by plaintiffs to recover the con-

sideration money paid was sufficient evidence of rescission on the part of plaintiffs.    2 Black on Rescission and Cancellation, § 576.

The testimony of defendant relative to the terms of the contract she insisted upon their executing excused plaintiffs from making any effort to obtain a contract in accordance with the receipt.

Defendant testified:

"*Q.* And when you left those papers, you said it was the contract?

"*A.* Certainly, he understood that was it.

"*Q.* And this was the paper on which he, they, had to purchase the property from you?

"*A.* Sure.

"*Q.* And you would not sell them this property on any other paper?

"*A.* Certainly I would not.    I would give them a contract.    I never tendered him any other or different contract than Exhibit 3."

The circuit judge was in error in entering judgment for the defendant, and the judgment is reversed and a new trial granted, with costs to plaintiffs.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.