BELTSMAN *v.* SHERMAN.

Frauds, Statute of—Memorandum—Sufficiency—Reference to Another Writing.

> Although a memorandum agreement for the sale of land did not name either the city or State in which the property was located, where it referred to an abstract of title, completely describing it, and which the vendors were required to and did furnish the vendees, said memorandum was sufficient under the statute of frauds (3 Comp. Laws 1915, § 11977).

Error to Wayne; Webster (Clyde I.), J. Submitted April 10, 1923. (Docket No. 46.) Decided October 1, 1923.

Assumpsit in justice's court by Morris Beltsman and another against Louis Sherman and another for money paid on a land contract. There was judgment for plaintiffs, and defendants appealed to the circuit court. Judgment for plaintiffs on a directed verdict. Defendants bring error. Reversed, and no new trial ordered.

*C. H. Lehman* and *G. M. Lehman,* for appellants.

STEERE, J. On February 28, 1920, the parties to this action arrived at an oral agreement evidenced by a memorandum in writing signed by them and witnessed as follows:

"Feb. 28, 1920.

"Received from Mr. M. Beltsman $200 two hundred dollars, deposit on property located at 382 Willis E. lot N. 8, ward N. 5 between Rivard and Russell on the south side of the street lot 30 feet in width sold on this condition. The amount for the property is $6,500 sixty-five hundred dollars and thirteen $1,300 hundred dollars shall be paid after 30 days, above mentioned

date in the balance of $5,000 five thousand dollars shall be paid in 6 years contract, calls for $40 forty dollars per month including interest.      In the abstract shall be brought up to date.      Also we agree to vacate the place above mentioned at 25 of May, 1920, and we agree to pay to agency H. Gonten and S. Finkel $125, one hundred and twenty-five dollars commission at the time of closing the deal with Mr. Beltsman.

"Owner  Sera Sherman,

"Witness:      L. Sherman,

"H. Gonte,.      M. Beltsman,

"S. Finkel.      Jena (x) Beltsman."

Plaintiffs then paid defendants the $200 therein provided and shortly thereafter received from them an abstract of title to the property which they submitted to their attorney who, on March 25, 1920, gave a written opinion of the title up to the time of its certification, and recommended that it be brought down to date.      In the opinion he certified that he had examined the abstract of title "covering lot 8 subdivision of the N. part of O. L. 3 of the rear concession of P. C. 7 Detroit, Wayne county, Michigan, and find the following," etc.      On the same day the abstract was delivered to the abstract company and when brought down to date was again delivered to plaintiff's counsel.

Defendants soon thereafter were notified to go to his office to close the deal.      They had proper papers prepared and went with them to the office of plaintiffs' counsel ready to comply with the terms of the agreement, but the matter was delayed until the following day when all parties were present and a controversy then arose between them as to some personal property not mentioned in the agreement which plaintiffs claimed was to be left on the premises, and which defendants denied.      As a result of this disagreement plaintiffs refused to carry out the deal, and demanded back the $200 deposit they had paid.      Defendants refused to return the money and offered to close the

deal in accordance with their written agreement. The parties then separated. On the following day defendants sent a written notice by registered mail to plaintiffs demanding that they comply with the terms of the preliminary written agreement, again tendering performance on their own part. On the same day plaintiffs began this suit in justice's court to recover the $200 deposit. From a judgment for plaintiffs, defendants removed the case by appeal to the Wayne county circuit court where on re-trial a verdict was directed for the amount claimed in favor of plaintiffs on the ground that the memorandum of agreement was invalid because the description of the property involved was inadequate under the statute of frauds. While other errors are assigned, that is the only ruling which calls for consideration.

The defect in description relied on by plaintiffs' counsel was failure to name either the city or State in which the property is located, which it was urged under cited authorities rested in parol. Recognizing that the authorities are not entirely in harmony on the subject, the trial court was of opinion that *Droppers* v. *Marshall*, 206 Mich. 560, was controlling and held as stated.

The requirement of our statute of frauds (3 Comp. Laws 1915, § 11977) only demands that a contract for the sale of real estate shall be evidenced by some memorandum in writing signed by the party making the sale. The memorandum under consideration was signed not only by the vendors but by the vendees who simultaneously made a part payment, showing mutuality and full acceptance, in so far as these features are significant (*Barton* v. *Molin*, 219 Mich. 347). In this agreement over the signatures of the vendors reference is made to an abstract of title of the property in relation to which they were dealing, which the vendors obligated themselves to, and did, deliver to

the vendees.    The abstract contained a full legal description of the property corresponding in substance with the memorandum of agreement, so far as the latter went, and supplied the names of the State and city in which it was located.

In *Duncombe* v. *Tromble*, 219 Mich. 8, the memorandum of agreement did not locate the property in any State, county, city, township or section nor specifically make reference to any recorded plat, but described it as "Lot 95 Robert Oakman's Livernois and Terminal subdivision." Referring to the statute relative to platting land into lots and blocks requiring a plat with a caption to be recorded in the county where the land is located and the office of the State auditor general, the court held the description sufficient to satisfy the statute of frauds, saying:

"This title or caption operates as an earmark of the land so platted, and the designation in the receipt of the premises as Lot 95 Robert Oakman's Livernois and Terminal subdivision, rendered the premises easy of identification."

This case is not out of harmony with *Droppers* v. *Marshall*, *supra*, for there no reference was made to any connected writing which supplied the omission of the memorandum agreement, and without parol evidence it could not be determined in which one of the 36 sections in the township mentioned the land intended to be conveyed was located.

"The law appears to be well settled that a complete and binding contract may be created by letters or other writings relating to one connected transaction, if, without the aid of parol testimony, the parties, the subject-matter, and the terms of the contract may be collected." *Francis* v. *Barry*, 69 Mich. 311.

We think this case is governed in principle by *Duncombe* v. *Tromble*, *supra*, which held the property sufficiently identified by an earmark leading to a record

where the names of the State and city in which it was located could be found, while here reference is made to another writing relating to and describing the property, with the names of the State and city where it was located given, which as a part of their preliminary contract defendants were required to and did furnish plaintiffs.

The judgment is therefore reversed, with costs to defendants and no new trial granted.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred. WIEST, C. J., did not sit.