SCHALLERT v. DEWDNEY.

1. FRAUDS, STATUTE OF—SUFFICIENCY OF DESCRIPTION.
In view of 1 Comp. Laws 1915, § 3350, relative to land platted into lots or blocks, requiring a title or caption to the plat, that it be recorded in the county where the land is situated as well as in the office of the auditor general of the State, and endeavoring to prevent duplication of titles or captions, the descriptions of lots, in a contract for the exchange of property, by giving the lot numbers and the plats in which they are located, rendering them easy of identification, is sufficient to satisfy the statute of frauds, although no reference is made therein to any city, county, or State.

2. SPECIFIC PERFORMANCE—EXCHANGE OF PROPERTY—SUFFICIENCY OF DESCRIPTION.
In a suit for the specific performance of a contract for the exchange of property, where the defense was that the description of plaintiffs' property was insufficient to satisfy the statute of frauds, the decision of the court below that the description was sufficient and decreeing performance, *held*, correct.

Appeal from Wayne; Jayne (Ira W.), J.     Submitted October 13, 1927.     (Docket No. 106.)     Decided January 3, 1928.

Bill by William S. Schallert and others against Benjamin Dewdney and another for specific performance of a land contract. From a decree for plaintiffs, defendants appeal. Affirmed.

*Benedict H. Lee,* for plaintiffs.

McDONALD, J.     This is an appeal from a decree of the Wayne circuit court granting specific performance

---

[1]Frauds, Statute of, 27 C. J. §§ 321, 324; [2]Id., 27 C. J. § 321.

of a contract for the sale of certain real estate. The parties entered into a written agreement for the sale and exchange of a four-family flat owned by the defendants in the city of Detroit. The consideration was $29,500, which was to be paid either entirely in cash or partly by the conveyance and assignment of vendees' equity in certain land contracts amounting to $16,270; partly by the assumption of a $12,500 mortgage, and the balance of $730 in cash. The plaintiffs made a cash deposit of $100 and subsequently tendered the necessary conveyances and assignments of their equity in the land contracts and the cash balance on the purchase price. The defendants refused to accept the tender and to consummate the sale. Thereupon this bill was filed, and on the hearing the court entered a decree granting specific performance of the contract. The defendants have appealed.

The defendants have not favored us with a brief, but an examination of the record shows that on the hearing they urged several defenses, only one of which merits discussion. It was contended that because of deficient description the contract is not a sufficient memorandum of the sale of real estate to satisfy the statute of frauds. No objection is made to the description of the flat, but it is claimed that the lots which the defendants agreed to take in exchange are not definitely located in any city, county, or State. These several parcels of land were described as follows:

"Lots 28 and 29 Santa Barbara sub.; lots 100 and 101 Robert Oakman, Cortland and Ford Highway sub.; and lots 475, 77, 506, 458 east of 136 and west of 136, Royal Oak Park sub."

This description is a sufficient compliance with the statute of frauds. In *Duncombe* v. *Tromble,* 219 Mich. 8, the property was described as "Lot 95, Robert Oakman's Livernois and Terminal sub." Speaking by Mr. Justice WIEST, the court said:

"We think the property sufficiently identified in the receipt.    Under the statute, 1 Comp. Laws 1915, § 3350, relative to land platted into lots or blocks, a title or caption to the plat is required and this is a record in the county where the land is situated as well as in the office of the auditor general of the State.    The statute endeavors to prevent duplication of titles or captions.    This title or caption operates as an earmark of the land so platted, and the designation in the receipt of the premises as lot 95, Robert Oakman's Livernois and Terminal subdivision, rendered the premises easy of identification."

The circuit judge correctly disposed of the issue. The decree is affirmed, with costs to the plaintiffs.

FLANNIGAN, C. J., and FELLOWS, WIEST, CLARK, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW took no part in this decision.