## VICTOR v. D. E. MEYER CO.

1. SALES — RESTORATION — TENDER — ESSENTIAL ELEMENTS OF RESCISSION.

    Restoration or tender of restoration to the vendor of thing purchased is essential to rescission and recovery in an action at law.

2. SAME—RESCISSION NOT ESTABLISHED.

    Where the purchasers of an automobile, after full knowledge of alleged defects, continued for over a year to keep and use it as their own, and successfully defended a replevin suit by the acceptance company which discounted the notes given by them, they may not maintain an action on the theory of rescission.

3. ELECTION OF REMEDIES.

    Where husband and wife began an action on the theory of rescission of the purchase of an automobile on the ground of fraud while wife was an infant, and did not have next friend appointed until nearly 15 months after she became of age and proceeded to a conclusion of the action already begun, she thereby made an election which

On the general rule as to use of purchased article as waiver of right to rescind for breach of warranty or noncompliance with contract, see annotation in 36 L. R. A. (N. S.) 667; 34 A. L. R. 547.
        243—Mich.—43.

was binding upon her and she could not thereafter claim rescission on the ground of infancy.

Error to Wayne; Parker (James S.), J., presiding. Submitted June 12, 1928. (Docket No. 104, Calendar No. 33,682.) Decided July 24, 1928.

Assumpsit by George Victor and another against D. E. Meyer Company and the Mercantile Acceptance Company for breach of a contract of sale. Judgment for defendants on a directed verdict. Plaintiffs bring error. Affirmed.

*Joseph A. Bloom,* for appellants.

*Harvey S. Durand* (*N. Calvin Bigelow,* of counsel), for appellee D. E. Meyer Co.

*Max Kahn* (*Leonard V. Pylkas,* of counsel), for appellee Mercantile Acceptance Co.

NORTH, J. The plaintiffs are husband and wife and they seek by this suit to recover damages which they claim to have sustained incident to the purchase of an automobile from the defendant D. E. Meyer Company, a Michigan corporation. The declaration contains two special counts and also the common counts. In the first count it is alleged that various parts of the automobile were defective and that this constituted a breach of warranty for which the defendants were liable and that they were also liable because they neglected and failed to make necessary repairs on the automobile in accordance with their promise so to do. The second count alleges that the defendants defrauded and deceived the plaintiffs by delivering to them a used or second-hand automobile, representing it to be a new machine. The tender of the return of the property and a demand for the repayment of the purchase price are alleged and damages are sought because of the fraud charged. Issue was joined and trial by a jury

had.    At the conclusion of the plaintiffs' case, and for reasons hereinafter indicated, the court, on motion of the defendants, directed a verdict against the plaintiffs.    They review by writ of error.

While the declaration charges the defendants jointly with the breach of contract and the alleged fraud, the undisputed proof discloses that the only connection which the Mercantile Acceptance Company had with this transaction was that it discounted and took over from the other defendant at or about the time of the sale the note and chattel mortgage which the plaintiffs gave back on the automobile purchased; and some 15 months later it took possession of plaintiffs' machine because of the nonpayment of several monthly installments then past due.    There was no testimony whatever that tended to establish liability on the part of the Mercantile Acceptance Company on any possible theory covered by the declaration.    It is difficult to understand why this defendant was joined in this action.    The verdict of the jury was properly directed in favor of this defendant.

A more complete statement of the facts is necessary to a full understanding of the case as submitted against the D. E. Meyer Company, hereinafter called the defendant.    The machine purchased by the plaintiffs was delivered to them July 19, 1924.    At that time they were planning to drive to Illinois in the near future. It may be fairly inferred from the record that they intended to use their newly-purchased car enough to have it "broken in" before starting on their trip.    The defendant claims that upon learning of this the salesman called plaintiffs' attention to a car that had been driven 400 or 500 miles by Mr. Meyer, and with full knowledge of its having been so driven the plaintiffs bought this machine for $1,658.56.    In part payment the plaintiffs gave the defendant $152.88 and turned in a used touring car at $400, and later the first monthly

payment of $92.60 was also made. As stated above, plaintiffs claim they believed they were buying a new car. Because of this deceit and fraud, as well as because of the various defects in the machine against which warranties were claimed, the plaintiffs, after offering to return the automobile, brought this action to recover the amount they had paid on the purchase price, or to recover the damages thus sustained by them.

On July 20, 1924, the day after the automobile was delivered to them, the plaintiffs discovered from the mileage registered on the speedometer that it had been driven upwards of 400 miles before their purchase, and they also discovered a dent in one of the rear fenders. At plaintiffs' request the defendant replaced the damaged fender. Plaintiffs claim the matter of the mileage on the car was discussed with the defendant, but that the latter induced them to keep the car by agreeing to put it in A-1 condition. This part of the controversy becomes of little importance so far as it affects plaintiffs' right to recover the purchase price paid, because the undisputed proofs show they continued to keep and use the car as their own for substantially 15 months, with the exception of three or four weeks, during which time the Mercantile Acceptance Company held possession of it under its chattel mortgage. Notwithstanding plaintiffs' testimony is that they offered on three or four occasions to surrender the automobile to the defendant, and demanded return of the purchase price paid, the automobile in fact was never redelivered to the defendant nor was the tender of such delivery kept good. Instead, after plaintiffs had full knowledge of all the defects of which they now complain, they continued for over a year to keep and to use the machine as their own and during this time they drove it many hundred miles. Also during this period they success-

fully defended a replevin suit in justice's court by which the Mercantile Acceptance Company sought to obtain possession of the car because of nonpayment of portions of the purchase price then past due.    These facts distinguish this case from such cases as *Kawecki* v. *Stuber-Stone Co.*, 218 Mich. 25, and others cited in appellants' brief.    Obviously, the plaintiffs cannot recover on the theory of rescission and surrender of the property purchased, because they have not restored to the vendor the thing purchased, nor have they kept good a tender of restoration.    This is essential to rescission and recovery in an action at law.    *John D. Gruber Co.* v. *Smith,* 195 Mich. 336; *Linderman Machine Co.* v. *Shaw-Walker Co.*, 187 Mich. 28.

There is no testimony in the record and none was offered from which the jury could have ascertained the amount of damages sustained by the plaintiffs if they elected to retain the automobile and to sue for recovery of the amount of the loss they suffered because the machine delivered to them by the defendant was of less value than such a machine as they supposed they were buying.    The defendant's motion for a directed verdict was based upon the following reasons:

"(1) Evidence has not shown any rescission of the contract.

"(2) Because the attempted rescission of the contract attempted to be shown in this case on the part of the plaintiffs was waived by continued use of the car as appears from the evidence produced herein by the plaintiffs.

"(3) There has been no evidence of any alleged difference in the value of the car as actually delivered and what it would have been if plaintiffs' claim is as represented."

In view of our determination of the remaining question in this case, it must be held that the defendant's motion was properly granted by the circuit judge.

Mrs. Victor claims that she furnished all of the cash.

paid on this car, and that she was the owner of a half interest in the touring car which was traded in. It is urged in the plaintiffs' brief that Mrs. Victor should have recovered against the defendant on the ground that she was a minor when they bought the machine and therefore she had a right to rescind her contract of purchase and to recover the amounts paid by her regardless of the failure to restore the property to the defendant. The purchase was made in July, 1924. This suit was started October 6, 1924, and Mrs. Victor became 21 years of age April 26, 1926. On June 23, 1927, she made a petition in this case for the appointment of a next friend, and such an order was entered. The trial began June 28, 1927, this plaintiff being then past 22 years of age. Should she be allowed to take advantage of her infancy? We think not and for the following reasons: There is no hint or claim whatever made in the declaration that Mrs. Victor claimed or asserted a right to rescind on the ground of infancy. Her counsel states in his brief that Mrs. Victor did not have a next friend appointed when suit was started "on account of her mistaken impression that she had attained the legal age prescribed by law." By having a next friend appointed nearly 15 months after she became of age and proceeding to a conclusion with the trial of the suit already begun, and planted on other grounds, this plaintiff made an election that is binding upon her. Whatever there is in the declaration concerning rescission is based upon the ground of fraud and deceit and not upon the fact that Mrs. Victor was under age.

Another reason is that at the time this suit was started Mr. and Mrs. Victor had possession of the automobile which they had obtained from the defendant, and it was within their power to make restoration if they proposed to prosecute this suit upon the theory of a right to rescind. They did not surrender the auto-

mobile to the defendant and their course of conduct was entirely inconsistent with any intent to do so. This binds both plaintiffs, especially since Mrs. Victor elected to continue the prosecution of this same suit months after she became of full age and at a time when she was legally competent to make a final and binding determination. Other questions are presented in the briefs, but the matters herein considered are conclusive of the outcome of the case. As above stated, the verdict was properly directed in favor of the defendants, and the judgment of the lower court is affirmed, with costs to the appellees.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.