JAERLING *v.* LONGSDORF.

1. Reformation    of    Instruments—Land    Contracts—Mutual Mistake.

> Land contract was properly reformed to correct description in name of subdivision, where there was no question as to property intended to be conveyed, and mistake was mutual clerical error.

2. Vendor and Purchaser—Rescission.

> Vendee is not entitled to rescission of contract for purchase of several lots because vendors deeded one lot to another, where at time of suit they had reacquired title.

3. Appeal and Error—Pleading—Amendment.

> Vendors' cross-bill praying only for reformation of contract is considered amended, on appeal, to support decree for payments due, where amount thereof is not disputed.

Appeal from Wayne; Lamb (Fred. S.), J., presiding. Submitted April 14, 1931. (Docket No. 72, Calendar No. 34,019.) Decided June 1, 1931.

Bill by John P. Jaerling against Curtis H. Longsdorf and others to rescind a land contract. Decree for defendants on cross-bill for reformation of the contract. Plaintiff appeals. Affirmed.

*J. Lynn Fewlass,* for plaintiff.

*Ralph B. Clark,* for defendants.

Fead, J. This is a bill by plaintiff, as vendee, for rescission of a land contract, and cross-bill by defendants for its reformation.

The contract described the premises as:

"Lots Nos. 235, 222, 228, 243, 234, Pennsylvania Park Subdivision of part of the N. W. ¼ of section 6, T. 4 S., R. 11 E., village of Riverview, Monguagon township, Wayne county, Mich."

The description is correct except that the recorded name of the subdivision is "Clarence W. Carkeek's Pennsylvania Park Subdivision." There was no question of the identity of the property. With the name of the subdivision corrected, the contract would describe the property defendants intended to sell and plaintiff intended to buy. The mistake was a mutual clerical error. The court properly reformed the contract to correct the description.

After the contract was made, defendants deeded one of the lots to a third person. The conditions were not shown. When plaintiff discovered it he made no further payments, but did not attempt rescission. Defendants brought suit in justice's court for recovery of installments due, had reacquired title, offered there to hand the deed to plaintiff, and had title when this suit was commenced. Plaintiff made no case for rescission.

Defendants had decree for reformation and also for a sum due on the contract, although the cross-bill did not pray for a money judgment. The contract showed the payments made and there is no claim that the amount decreed is not correct. The cross-bill will be considered as amended to support the decree, and it is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.