CROWLEY *v.* McCULLOUGH.

1. CONTRACTS—FRAUD—DEFRAUDED PERSON MAY REFUSE TO PERFORM.
   Where defendant was induced to become a member of a syndicate organized to purchase land under false representations that the price to be paid was the same price paid to the owners, he was justified in refusing further to perform on discovery of the fraud.

2. EQUITY—ENFORCEMENT OF RIGHTS.
   Rights of a member of a syndicate organized to purchase land could be enforced only by bill in equity.

3. CONTRACTS—RESCISSION—FRAUD—TENDER.
   Refusal by a member of a syndicate to make further payments to its trustee after discovery of fraud, and notice attached to his plea, in an action against him for payments due, that he would seek recovery of the amounts paid by him, amounted to repudiation of his rights under the syndicate agreement, entitling him to recovery without tendering back what he had received, since he had nothing of value relating to the transaction which he could tender back.

4. SAME—RESCISSION—FRAUD—LACHES.
   That defendant relied on the integrity of the trustee, who induced him to join a syndicate by fraudulent representations, rather than on talk he heard about the club to which they both belonged, may not be relied on to sustain the claim that defendant was guilty of laches; especially where trustee reassured defendant after he had heard said talk.

5. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.
   Motion for new trial based on affidavits of persons that if called as witnesses they would dispute defendant's testimony was properly denied, where said testimony if given would not warrant a change in the decision arrived at.

Error to Wayne; Webster (Arthur), J. Submitted April 9, 1931. (Docket No. 56, Calendar No. 35,438.) Decided June 1, 1931.

Assumpsit by Dennis J. Crowley, as trustee and agent of Clark Farm Syndicate, and others against William D. McCullough on the syndicate agreement. Judgment for defendant on plea of recoupment. Affirmed.

*Douglas, Barbour & Wing,* for plaintiffs.

*James O. Murfin,* for defendant.

SHARPE, J. On April 7, 1925, Dennis J. Crowley, one of the plaintiffs, secured an option from the owners to purchase a tract of land in the township of Northville, in Wayne county, consisting of 88 acres, at the price of $800 per acre. At his request, the plaintiffs Earl R. Frost and Karl L. Ernst and the defendant, McCullough, joined with him in the organization of a syndicate, to be called the Clark Farm Syndicate, for the purpose of purchasing said land and selling the same. A written agreement so providing was prepared and signed by the parties on August 31, 1925. Crowley was designated the manager thereof, and the others agreed to pay to him such portion of the sums set opposite their respective signatures as he should call for from time to time. Opposite the name of Crowley appears the sum of $16,971.43; of Frost, $28,285.71; of Ernst, $5,657.15, and of McCullough, $28,285.71, in all the sum of $79,200.

On August 31, 1925, contracts of purchase and sale were entered into between the owners of the land and Crowley individually, the purchase price being stated therein to be $70,400, or $800 per acre. These contracts were duly executed and acknowledged.

The defendant paid all sums requested by Crowley until February 28, 1929, when a payment of $1,974.33

was said to be due. Another payment of $1,827.14 was demanded on August 31, 1929. The defendant declined to make these payments, and this action was brought for their recovery. The members of the syndicate, except the defendant, are made the plaintiffs, although the declaration alleges that Ernst had sold his interest therein to John H. Friedman, who is also a plaintiff.

The defense rested upon the claim of the defendant that Crowley fraudulently represented to the defendant that the price to be paid for the land was $900 an acre, whereas in fact it was purchased by him for $800 per acre.

Trial was had before the court without a jury. The trial judge filed an opinion, in which he discussed at length the evidence, and found that the defendant had sustained the burden of proof upon his claim above stated, and entered a judgment of no cause of action on plaintiffs' claim and a judgment in favor of the defendant for the amount paid by him to Crowley pursuant to the syndicate agreement.

Plaintiffs' counsel in their brief say that the "issues involved" are:

"1. Was any fraud proven which would release the defendant from his liability under the syndicate agreement?

"2. Had the defendant rescinded the syndicate agreement so as to be entitled to a judgment for the money which he had put into the syndicate?

"3. Was the defendant's right to rescind, if it ever existed, barred by his delay in asserting it?

"4. Did the court err in denying plaintiffs' motion for a new trial?"

1. It will serve no useful purpose to set forth at length the evidence which supports the finding in

this respect. The following facts, admitted or established by a preponderance of the evidence, may be noted:

(1) Crowley was here purchasing under land contract property of the value of $70,400, and, while the contracts were properly acknowledged, he did not place them upon record.

(2) Defendant sent his check to Crowley for $5,000 on July 13, 1925, to apply on the down payment on these contracts, and in the letter accompanying it he stated: "The purchase price being seventy-nine thousand two hundred ($79,200) dollars exactly." This letter was written more than a month before the syndicate agreement was formally executed.

(3) Crowley testified that he personally mailed a letter to the defendant acknowledging receipt of this check and stating therein that he had purchased this land at $800 per acre and was turning it in to the syndicate at $900 per acre. He further testified that this letter had been prepared for him by an attorney, and that he had sent a similar one to the other members of the syndicate, but, although the defendant denied receiving it, neither the attorney nor any of the other members of the syndicate, all of whom are plaintiffs herein, was called to corroborate his testimony in this respect.

(4) Crowley prepared and sent to defendant several statements, each of which was headed: "Statement of Clark Farm Syndicate," followed by the words, "Clark Farm, 88 acres at $900 per acre * * * $79,200," and in which the payments made by the members of the syndicate were listed and the balance due was stated, followed by the amount required to be paid by defendant as his share of the payment then due.

(5) The second paragraph of the syndicate agreement provided:

"The object of the syndicate is to negotiate for and purchase the following described premises:"—

At the time it was entered into, Crowley had an option to purchase this land at $800 per acre. No negotiation was needed to secure it. If it was then understood that he had such option, and that he was to turn the land into the syndicate at $900 per acre, it could have been easily so stated, but, as it was written, the defendant had the right to assume that the syndicate was to pay the purchase price at which Crowley, after negotiation with the owners, was able to secure it.

There are other circumstances which tend to support the claim of the defendant that Crowley deceived him in representing that the price to be paid to the owners was $900 per acre, and justify the finding of the court that on the discovery of such fraud the defendant was not required to further perform the obligation he had assumed in the syndicate agreement.

2. Under this heading counsel urge that, before the defendant could recover the moneys he had paid to Crowley, he must have made a "tender back of that which has been received." They rely upon the holding in *Victor* v. *D. E. Meyer Co.*, 243 Mich. 673, in which it was said:

"Obviously, the plaintiffs cannot recover on the theory of rescission and surrender of the property purchased, because they have not restored to the vendor the thing purchased, nor have they kept good a tender of restoration. This is essential to rescission and recovery in an action at law."

The contract of purchase was entered into by Crowley as an individual, and not as a trustee for the members of the syndicate. The only rights acquired by the defendant were under the syndicate agreement, and these could have been enforced only by a bill in equity. His refusal to make further payment, and his claim under the notice attached to his plea that he would seek recovery of the amounts paid by him clearly amounted to a repudiation of these rights. He had no copy of the syndicate agreement to surrender, nor anything in his possession to which the plaintiffs were entitled, nor anything of value relating to the transaction to deliver to them. The rule stated in *Duncombe* v. *Tromble,* 219 Mich. 8, 11, is more clearly applicable:

"Whether plaintiffs so notified defendant (of a rescission), or not, under the circumstances here disclosed, does not defeat the action. The bringing of the suit within a few days after the payment of the money operated as notice to defendant of the refusal of the plaintiffs to go ahead with the deal under the new terms imposed and as a demand for the return of the money paid. The bringing of suit by plaintiffs to recover the consideration money paid was sufficient evidence of rescission on the part of plaintiffs."

3. Crowley and the defendant had long been friends. While the defendant admits that he had heard talk about the club to which they both belonged that Crowley had made the purchase from the owners at $800 per acre, he was loath to believe it and made payments thereafter. He finally consulted an attorney, and became satisfied that he had been defrauded only after his attorney had made investigation which seemed to establish the fact. That he relied upon the integrity of Crowley rather than the

talk he heard about the club cannot be said to sustain the claim of laches.

4.   The defendant testified that, after he had heard the talk in the club above referred to, he met Crowley in a restaurant, and that he then assured him that he was paying $900 an acre for the land.   The motion for a new trial was based on affidavits of persons who claimed to be then present and who would, if called as witnesses, dispute the testimony of the defendant in that respect.   In arriving at the conclusion we have reached, we have not considered this testimony, and we agree with the trial court that if these witnesses so testified on a new trial it would not warrant a change in the decision arrived at.

In view of the affirmance of the judgment, we do not find it necessary to pass upon the defendant's motion to compel the trial court to set aside an order made by him extending the time to settle the bill of exceptions, decision on which had been reserved to this time.

The judgment is affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.