## MAKI *v.* KARVONEN.

1. DEEDS—BROTHERS AND SISTERS—CONSIDERATION—EVIDENCE.
   Where deeds of interests in farm were given by plaintiff sister and another brother and sisters to defendant brother after their father's death was based on consideration furnished by defendant to his parents by way of wages given to them partly before and partly after attainment of his majority, of labor on farm purchased in part from such wages, and support of parents and brothers and sisters, such conveyances were not without consideration.

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am. Jur., Deeds, § 57 *et seq.*
[2] 45 Am. Jur., Reformation of Instruments, § 38.

2. REFORMATION OF INSTRUMENTS—ERROR IN DESCRIPTION OF DEED—
   INTENT.

    An error in description of land in a deed given for a valid consideration will be corrected in equity to make it conform to
   the intent of the parties when the conveyance was made.

Appeal from Houghton; Brennan (Leo J.), J.
Submitted October 5, 1948. (Docket No. 17, Calendar No. 44,013.) Decided November 12, 1948.

Bill by Elma Karvonen Maki against Louis Karvonen and wife and another to cancel a deed. Cross
bill by defendants against plaintiff for reformation
of same deed. Decree for defendants. Plaintiff appeals. Affirmed.

*Messner & LaBine* (*N. C. Spencer,* of counsel), for
plaintiff.

*Joseph M. Donnelly,* for defendants.

DETHMERS, J. Plaintiff and defendants Louis
Karvonen (hereinafter called defendant) and Aileen
Karvonen Peterson are three of five brothers and
sisters, to whom their father, at death, left a farm
and over $3,300 in cash. Defendant, the eldest of
the five children, had worked in a mine from the
time he was 16 years of age until he became 23, turning over all of his pay to his parents who deposited
it in their own bank account with other moneys. Out
of this account they ultimately bought the farm.
During the last seven years of the father's lifetime
he was in poor health, unable to do much work, and
defendant lived with his parents and did the farm
work.

After the father's estate was probated some of the
children talked it over and decided to convey their
shares in the farm to defendant. They felt he deserved it. A brother testified:

"I felt this way: That since the farm was bought, as I said, partly with Louis' money; since he had stayed on the farm and worked on the farm, it is no more than right for me to give my share to him."

Plaintiff testified that she conveyed her interest in the farm to defendant because she felt that she should. Five years later it was discovered that the scrivener had made a mistake in the deed from plaintiff to defendant, describing the farm as being in section 22 instead of section 21. Meanwhile, trouble had arisen between plaintiff and defendant, as a result of which plaintiff refused to sanction correction of the deed without the granting of certain concessions to her. Defendant thereupon had the scrivener make the correction without plaintiff's consent and caused the deed, as corrected, to be recorded in the office of the register of deeds.

Plaintiff brought this suit for cancellation of the deed, praying that she be decreed to be the owner of an undivided one-fifth interest in the farm. Defendants filed a cross bill, praying for reformation of the deed and that defendant be decreed to be the owner of the land. From decree dismissing plaintiff's bill of complaint and decreeing the deed to be a valid conveyance to defendant of plaintiff's interest in the farm located in section 21 plaintiff appeals.

Plaintiff relies on *Shears* v. *Westover,* 110 Mich. 505, in support of her contention that an error in the description of land in a voluntary conveyance, given without consideration, will not be corrected in equity unless all of the parties consent. Defendants deny that the conveyance was a voluntary one and point to defendant's earnings in the mine, partly before and partly after attainment of his majority, turned over to his parents and used in part to purchase the farm, and to his labor on the farm and support of the parents and brothers and sisters as the consideration

for the conveyances by the latter to him. It is clear from the testimony that plaintiff and her other brother and sisters, as grantors to defendant, considered that to have been the consideration for the conveyances at the time the deeds were executed. Defendant's earnings and his efforts on the farm not only afforded support for a time to the other children, as well as to the parents, but also contributed to the value of the estate, consisting of not only the farm but also cash, in which all shared equally. Under such circumstances the conveyance to defendant cannot be said to have been without consideration. See *McIntyre* v. *McIntyre,* 205 Mich. 496; *Mohn* v. *Mansfield,* 167 Mich. 10.

It is conceded that plaintiff intended to convey her interest in land situated in section 21; that she never owned land in section 22. An error in description of land in a deed given for a valid consideration will be corrected in equity to make it conform to the intent of the parties when the conveyance was made. *Jaerling* v. *Longsdorf,* 254 Mich. 558.

Decree affirmed, with costs to defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.