LOUIS QUINNIN v. HENRICKE REIMERS.

1 46    605
150   2221

*Land-titles—Acknowledgment of plats—Apportionment of deficiencies between lots.*

Where both parties to a suit respecting lands trace title through conveyances made with reference to a recorded plat, it is immaterial that the plat was never properly acknowledged.

Where in platting a village it turns out that by mistake the blocks are not so long as the plat represents, the deficiency must be apportioned between the lots of the block according to their apparent size as shown by the map.

And this rule will be applied notwithstanding the explanations upon the plat state that all lots are of full size except those made fractional by a named street; it appearing that according to the plat such street made certain lots fractional, and such last-mentioned lots evidently being all the explanations intended to except.

Error to Saginaw.    Submitted June 16.    Decided Oct. 12.

TRESPASS.    Defendant brings error.    Reversed.

*Tarsney, Tennant & Weadock* for plaintiff in error. An unacknowledged plat is not evidence: *Grand Rapids v. Hastings* 36 Mich. 122; deficiencies in village lots from the scale of the recorded plat should be apportioned among the lots in proportion to their size: *O'Brien v. McGrane* 27 Wis. 448; *Jones v. Kimble* 19 Wis. 429; *Moreland v. Page* 2 Ia. 147; *Newcomb v. Lewis* 31 Ia. 489; defective plats which have been afterwards recognized by deeds from the proprietors are made valid by Comp. L. § 472, (*Wayne County v. Miller* 31 Mich. 448) and if actually recorded may be used to identify the land described in the deed which refers to it: *Johnstone v. Scott* 11 Mich. 232.

*E. Wilber* for defendant in error.

COOLEY, J. This is an action of trespass. The question involved is the true location of the boundary line between lots three and four of block fifty-nine of Hoyt's plat of East Saginaw. Objection was taken to the plat that it was not properly acknowledged; but as it appeared that the conveyances under which both parties claimed referred to and were made in reference to it, the objection has no force. *Johnstone v. Scott* 11 Mich. 232.

The principal controversy related to the proper construction of a paragraph in the explanations which were upon the map when executed. This was as follows: " Said lots are 60 feet in width and 120 feet in length with the exception of such lots as are made fractional by the plank road and the boundaries of said city as are here laid down on this map." To an understanding of what will be said it is necessary that a section of the map, including block 59, should be given.

It appears from this map that blocks 44 and 45 are full blocks of twelve lots each, and no indication is given by marks or apparent distances that any lots were meant to be fractional. West of block 44 is block 35 which corresponds to it exactly, and west of that is block 18, which in the same way is divided into twelve lots, apparently of uniform size, and at the westerly end of lot one, which corresponds to lot one on block 59, the width is expressed as being sixty feet.

It is thus made clear beyond question that in the survey and original platting blocks 18, 35 and 44 and the west half of block 59 were taken and supposed to be 360 feet in length, and that this supposed distance was intended to be divided by lot lines into six equal parts. The evidence tends to show, however, that the distance, instead of being 360 feet is but 352 or thereabouts; and there is consequently a shortage which must be lost by one or more of the lot-owners. The defendant contends that this shortage is to be equally apportioned between the six lots, while the plaintiff insists that it must fall exclusively upon the lots upon the plank-road, because such is the express provision of the explanatory note accompanying the plat.

The general rule is familiar that an apparent shortage like that which is met with here is not to be taken from any one lot, but is to be apportioned among all according to the length of their lines as indicated by the survey. The principle is clearly stated in the leading case of *Moreland v. Page* 2 Iowa 139, 153: "Where on a line of the *same* survey, between remote corners, the whole length of which line is found to be variant from the length called for, in re-establishing lost intermediate monuments, as marking subdivisional tracts, we are not permitted to *presume* merely, that a variance arose from the defective survey of any *part;* but we must conclude, in the absence of circumstances showing the contrary, that it arose from the imperfect measurement of the *whole* line, and distribute such variance between the several subdivisions of such line, in proportion to their respective lengths." This rule is so obviously just and reasonable, that surveyors are accustomed to apply it without question or doubt.

But it is said the rule cannot be applied to this case, because the plat expressly prescribes another, namely, that all the lots shall be of the uniform width of sixty feet except those on the plank-road; and that the effect is to throw all the shortage on the lots bordering upon that road. But the wording of the explanation is that the lots " are 60 feet in width and 120 feet in length, with the exception of *such lots*

as are made fractional by the plank-road and the boundaries of said city as are here laid down on this map." We must search the meaning of these words with the map before us, and they should have effect, if possible, as the proprietor understood them when the plat was made. It is not necessarily implied from the words of the explanation that all the lots on the plank-road are fractional: it is only said that " such " as are made fractional by that road are not of uniform width and length with the others. We look to the plat, then, to see what lots are and what are not made fractional by that road. The plat shows that lot 12 of block 59, lots 7 and 8 of block 58, and lots 4, 5, 7, 8 and 9 of block 67 are made fractional by the plank-road, but there is no indication whatever that any other lot on those blocks was not of the uniform size of 60 by 120 feet. On the contrary the fact that all the blocks west of block 59 are divided off into lots of uniform size, and that the parallel lines which divide them are continued to the north and south middle line of block 59, is conclusive that the west half of block 59 was supposed to be divided into lots of uniform size also. And this must govern unless the explanatory note has the effect to make fractional lots of all which adjoin the plank-road.

To interpret the plat correctly we should place ourselves as nearly as possible in the position of the proprietor when he made it, and have its subdivisions before us as they were before him at that time. It does not appear that stakes or other monuments were planted to indicate lot lines, but if any had been placed along the west line of block 59, they must, in order to be true to the plat, have divided that line into six equal portions. If these monuments had been planted, they must have controlled, because they would have constituted the most conclusive and satisfactory explanation of the proprietor's intent in making the subdivision. But if the map shows with reasonable certainty that his intent was to make an equal subdivision, the absence of stakes is not very important. We must look at his work as he regarded it, and uphold the subdivisions which he by his

plat then supposed he had made. By the plat the west line of block 59 was assumed to be 360 feet in length when it was really but 352 or thereabouts. But the plat divided it into six equal parts, and made no fractional lot on the plankroad. The proprietors must therefore abide by this equal division, and none of them has a right to insist on making a fraction where the proprietor made none. The shortage, in accordance with the familiar rule already referred to, must be equally apportioned between the six lots. *O'Brien v. McGrane* 27 Wis. 446.

This conclusion is different from that reached by the circuit judge, and so far as we can judge from this record, is likely to determine the controversy. But as the case must go back for a new trial, and it is possible there may still be disputed questions of fact to settle, it is proper to add that we discover no error in rulings of the circuit court which were complained of, except upon this main question.

The judgment must be reversed, with costs, and a new trial ordered.

MARSTON, C. J. and GRAVES, J. concurred.

CAMPBELL, J. It seems to me to be the plain meaning of the recitals on the plat that all of the lots not bounded on the plank-road should have the full measure of sixty feet, and that if this would not leave that width for the lot so bordering, then that lot should be treated as fractional. I cannot conceive any reason for leaving the width of the bulk of the lots to be determined in the future by measurements which could not be readily made, and which would be directly misleading. The construction claimed against the ruling below makes all of the lots, and not merely one, uncertain. I can see no reason why this course should be contemplated, and it does not appear to me the language used sustains it. The question being one of construction, it is not one on which it would be of service to discuss it at length.

I think the judgment should be affirmed.