HENRICKE REIMERS v. LOUIS QUINNIN.

*Boundary—Evidence of trial surveys.*

Where the accuracy of the starting-points taken for test-surveys is merely matter of speculation, they cannot be used to fix a disputed boundary between two lots when the dispute arises from a discrepancy which affects all the lots in the block, and which must therefore be apportioned among them.

Error to Saginaw.   Submitted Oct. 13.   Decided Oct. 31.

TRESPASS.   Plaintiff brings error.   Affirmed.

*Eugene Wilber* for appellant.

*Tarsney & Weadock* for appellee.

GRAVES, C. J.   This cause was before us in October a year ago and we then remanded it for a new trial.   46 Mich. 605.   On being again brought on, the circuit judge after hearing the evidence ordered a verdict for the defendant.   It is claimed on the part of the plaintiff that certain new facts are shown of sufficient merit to authorize a different view to be taken of the controlling question from that which was entertained on the former hearing.   That question it will be remembered involved "the true location of the boundary line between lots three and four of block fifty-nine of Hoyt's plat of East Saginaw."   The descriptive paragraph on the map, which was explained on the former hearing, must now be examined, it is said, in the light of these new facts which are shown by the present record, and when it is considered with the advantage of these aids, the construction, we are told, must be contrary to what it was.

In view of this claim the record has been critically inspected to see whether there appears any solid ground for exempting the case from the opinion formerly given, and we are not able to find any.   Granting for the present that the construction of the plat might be controlled by recourse to

the monuments and contemporaneous and traditionary hold-
ings under general acceptance and still the evidence adduced
by the plaintiff fell far short.

The various or rather different basal points from which
the supposed test surveys were run were not of such charac-
ter as to invest the results with any efficiency on the issue.
The accuracy of those points in reference to this controversy
was matter of pure speculation and they could not be-
resorted to as the ground of a criterion for fixing the bound-
ary between the premises of the parties. As the case
remained in substance the same as when it was determined
in this Court, the circuit judge committed no error in order-
ing a verdict for the defendant.

It follows that the judgment should be affirmed with
costs.

COOLEY and MARSTON, JJ., concurred.

CAMPBELL, J. I do not see any material difference
between this and the former record, and see no reason
therefore for any different rule of construction of the plat.