### GARVEY *v.* PARKHURST.

LAND CONTRACTS — DESCRIPTION OF PREMISES — ACCEPTANCE OF OFFER TO SELL—EVIDENCE.

*1.  In a contract for the sale of land, a description by name is sufficient, if it can be identified by extrinsic evidence not contradictory of the contract.

2.  The correspondence in this case, coupled with a long-continued possession by the vendee and improvements made, con-

---

* Head-notes by GRANT, J.

stitutes sufficient evidence of the acceptance by the vendee
of the vendor's offer to sell.

3. The correspondence in this case is *held* to constitute a con-
tract of sale, and not a mere license; and a deed of the ven-
dor conveyed the vendor's title subject to the rights of the
vendee.

Error to Muskegon; Russell, J.   Submitted June 5,
1901.   Decided July 2, 1901.

Summary proceedings by Emma Garvey against Henry
Parkhurst to recover the possession of land.   From a
judgment for defendant on verdict directed by the court,
complainant brings error.   Affirmed.

This was a summary proceeding under the statute, be-
fore a circuit court commissioner, to recover possession of
40 acres of land occupied by the defendant as a farm.
Both parties derived their title from the same grantor,
Charles Garvey, who resided in Heckley, Miss.   Com-
plainant is the mother of Charles and Harry.   Harry
wrote Charles on April 4, 1896, stating that he desired to
purchase the premises, and asked his terms.   To this
Charles replied on April 6th as follows:

"You ask me what I would do with you about my
place.   If you want it, I will let you have it for $150, and
you pay the back taxes.   I will give you five years to pay
it in, but I can't give you a contract until I come home.
I don't expect to come home for two years, but you can go
on and build a house, and I will give you a contract then.
You will have to pay the taxes this summer."

The case was submitted upon the testimony of the com-
plainant alone, and the record does not show whether
Harry wrote, accepting the proposition of Charles.   It
does, however, appear from complainant's own testimony
that Harry went into possession, relying upon the contract
created by this letter; that he or his assignee paid the
taxes; that he made improvements; and that Harry re-
mained in possession about a year, when he executed an

assignment in writing to defendant of all "his right, title, and interest to a certain place spoken of in this letter from his brother, Charles Garvey,— the place on section 6, 10—14 west, Moorland township." Defendant went into possession, worked the farm, and made other improvements. Complainant was not pleased with the transfer of the property, which had once been her home, to the defendant. She thereupon purchased a tax title, and brought suit upon it. She was defeated in that, and defendant paid her the taxes. She then obtained a quitclaim deed from her son Charles, for which she paid no consideration. Upon receipt of this deed, she served notice upon defendant to quit, and, after waiting three months, instituted this suit. Complainant admitted that she knew that her son Harry went into possession and made improvements pursuant to the terms of the letter to him from Charles. She evidently understood that there was a contract between Charles and Harry, by which the former agreed to sell to the latter the land, and fully understood its terms, for she saw the letter at the time it was received. The court directed a verdict for the defendant.

*Turner & Turner*, for appellant.

*Sessions & Sutherland*, for appellee.

GRANT, J. (*after stating the facts*). 1. It is urged that the contract, if any existed, between Charles and Harry, is void under the statute of frauds, because it does not contain a sufficient description of the property. This contention cannot prevail. A governmental description, or a description by metes and bounds, is not required to the validity of a contract for the sale of lands. It is sufficient if the land be described by name so as to be identified by extrinsic evidence not contradictory of the contract. Thus, a description "The Schoolcraft Store," held sufficient. *Francis* v. *Barry*, 69 Mich. 311 (37 N. W. 353). So, land described as, "My title and interest in the lands," etc., belonging to a certain business, held sufficient. *Eg-*

*gleston* v. *Wagner*, 46 Mich. 610 ( 10 N. W. 37 ). So, in this case, a letter referring to the land as " my place," meaning the place situated in the township of Moorland, sufficiently describes the land. It is evident that it was the only place he owned in that township. The identification can be supplied by extrinsic evidence without conflicting with the contract.

2. While there is nothing in this record to absolutely show a written acceptance by Harry of the proposition of Charles, yet there is sufficient in the testimony of complainant to show that both parties had acted upon the existence of such contract, and that Harry had accepted it by taking possession and making improvements, and that complainant also recognized it. Defendant also went into possession and made other improvements. The letter did not, as counsel for complainant insisted, create a mere license. It gave no authority at all to Harry except upon the terms of the written proposition of Charles. He did enter under that proposition. The quitclaim deed from Charles to complainant does not show any intention to interfere with the rights of Harry under the contract. The deed gave to complainant only the same rights that Charles had. The title was conveyed to her subject to the rights of the defendant under the contract. No violation of the terms of the contract is claimed. Under these facts, the court was right in directing a verdict.

The judgment is affirmed.

The other Justices concurred.