COOPER *v.* PIERSON.

1. FRAUDS, STATUTE OF—MEMORANDUM.—SUFFICIENCY.
   A memorandum for the sale of land, to be sufficient to satisfy the statute of frauds (3 Comp. Laws 1915, § 11975), must be complete in itself and leave nothing to rest in parol; it must be certain and definite as to the parties, property, consideration, premises, and time of performance.

2. SAME.
   An option for the sale of three lots which failed to state in what State, county, city or village they were situate was not sufficiently definite and certain to satisfy the statute.

212—Mich.—42.

3. SAME—EXTENSION OF OPTION—CONSTRUED TOGETHER.

Where an extension of the option, signed by one of the three vendors, tenants in common, supplied the data lacking in the original option, the two should be read together, and, as so construed, will be held binding on the vendor so signing, but not on the others who signed the original option only.

4. TENANTS IN COMMON—SPECIFIC PERFORMANCE AS TO ONE.

Since one tenant in common has a right to sell his interest in the common property, an option to sell, signed by one tenant only is enforceable against him, where the property is severable.

Appeal from Genesee; Black (Edward D.), J. Submitted October 13, 1920. (Docket No. 100.) Decided December 21, 1920.

Bill by Morris Cooper against Fred D. Pierson and others for the specific performance of an option contract. From the decree rendered, plaintiff and defendant Fred D. Pierson appeal. Affirmed.

*McFarlan & Wilson,* for plaintiff.

*Farley & Selby,* for defendants.

BIRD, J. Defendants, who were the owners of certain lots on North Saginaw street, in the city of Flint, gave plaintiff a 30-day option thereon, reading as follows:

"May 26, 1919.

"In consideration of one ($1.00) dollar, we, the undersigned, agree to give option to Morris Cooper on lots 831, 833 and 835, North Saginaw street, for the sum of two hundred sixty and no/100 dollars per front foot. It is agreed that first payment be made five thousand dollars. Balance to be secured by deed of trust for five years with six per cent. interest. This option will expire on June 26, 1919.

"FRED D. PIERSON,
"ROBERT L. PIERSON,
"FANNIE G. PIERSON."

Plaintiff was a resident of Petersburg, Virginia. After securing the option he returned to his home. Just before the option expired he returned to the city of Flint and requested the parties to meet him at the Bryant hotel on June 26th. Fred Pierson met him and they went to the office of Farley & Selby, at Pierson's suggestion, to have the papers drawn. Neither of these gentlemen was in his office, and it was agreed that the matter should be postponed until one of them returned. A 10-day extension was agreed to upon payment of $100. The receipt and extension are in the following words:

"$100.00                          June 26, 1919.
"Received from Morris Cooper one hundred and no/100 dollars, part payment on purchase price of Lots No. —, known in option furnished to Morris Cooper in option dated May 26, 1919, the revised No. known as Number 821 North Saginaw street, Flint, Michigan, deed to be drawn on or before 10 days.
                          "FRED D. PIERSON."

Plaintiff made his check payable to the three Piersons and delivered it to Fred, with the understanding that the parties would meet him the next morning at his hotel, so that the matter could be closed. Fred and Robert appeared the next morning at plaintiff's hotel and advised him that the "option was off" because he did not pay, on the previous day, the $5,000 stipulated in the option, and at the same time Fred offered to return his check to him, but plaintiff refused it. Subsequently plaintiff made a tender of the $5,000 less the $100 check, also the mortgage provided for, but defendants refused to accept them. Plaintiff then filed this bill to enforce specific performance of the option.

The defense made was that the writing was not sufficiently definite and certain to satisfy the statute of frauds. The chancellor refused to enforce the option

against Robert and Fannie, because neither signed the 10-day extension of the option, but held that the option and receipt signed by Fred, considered together, were sufficiently definite to satisfy the statute, and accordingly made a decree enforcing it as against the interest of Fred. Both Fred and the plaintiff have appealed. The questions which we shall consider are:

(1) Does the option satisfy the statute of frauds?
(2) Does the option, aided by the 10-day extension, satisfy the statute?

1. It has been held by this court that a memorandum, to be sufficient under the section involved (3 Comp. Laws 1915, § 11975), must be complete in itself, and leave nothing to rest in parol. *Gault* v. *Stormont,* 51 Mich. 636. And that it must be certain and definite as to the parties, property, consideration, premises, and time of performance. *Rosenbaum* v. *Tyszka,* 192 Mich. 457. The present option appears to be sufficiently certain and definite as to the parties, consideration, terms and time of performance, but not as to the property which was to be conveyed. If one had no information as to the location of the property except what he was able to gather from the face of the option, he would have great difficulty in locating it. It does not appear from the face of the paper in what State, county, city or village it is situate. In order to be of any force in designating the property intended to be conveyed, the option would have to be aided by parol evidence. We must, therefore, conclude that the option, considered by itself, was not sufficiently definite and certain to satisfy the statute. *Droppers* v. *Marshall,* 206 Mich. 560. This conclusion must result in affirming the decree as to Fannie and Robert, as they did not sign the extension, nor was it shown that Fred was duly authorized to act for them.

2. If the option and 10-day extension be read together, and we think they should be (*Francis* v. *Barry,*

69 Mich. 311), we must conclude that the extension supplies what is lacking in the option. The extension identifies the lots on North Saginaw street, mentioned in the option, as being located in Flint, Michigan, and makes the description of the property to be conveyed certain and definite. Fred, having signed both memoranda, is bound by the option as amended.

But plaintiff's counsel argue that the parties being tenants in common, the contract is not binding on Fred unless it is binding on Robert and Fannie. In other words, that the agreement must bind all or none, citing *Moreland* v. *Strong*, 115 Mich. 211 (69 Am. St. Rep. 553); *Walker* v. *Marion*, 143 Mich. 27. These cases do not deny the right of one tenant in common to sell his interest in the common property; they simply consider the relative rights of the tenants in dealing with the property. In one case, however, the court refused specific performance as against one tenant. *Adler* v. *Katus*, 190 Mich. 86. That case is distinguishable from the present one in this: The vendor in that case was seeking the relief and the property which was owned in common was not severable. In the present case the vendee is asking relief and the inference to be drawn from the record is that the property is severable, as it consists of three city lots.

The decree as to Fred must also be affirmed, but with the privilege to plaintiff to elect whether he will accept a conveyance or be remitted to an action at law against Fred for his refusal to abide his contract. Fannie and Robert will recover their costs, the same to be taxed against Fred Pierson and the plaintiff, each to pay one-half thereof. Neither Fred nor plaintiff will recover costs.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.