KLASKY *v.* BURKHEISER.

1. FRAUDS, STATUTE OF — RECEIPT — DESCRIPTION OF PREMISES — MEMORANDUM—SUFFICIENCY.

A memorandum of agreement for the sale of a lot, in the form of a receipt, in which no State, county, city, or village is given, in describing the lot, is insufficient, under the statute of frauds.

2. COSTS—AMOUNT PAID DOWN DEDUCTED FROM COSTS.

In affirming a decree denying specific performance because of the insufficiency of the memorandum, the amount paid down by plaintiff, with interest, is deducted from the costs.

Appeal from Wayne; Mandell (Henry A.), J. Submitted October 17, 1923. (Docket No. 147.) Decided November 13, 1923.

Bill by Perry Klasky against Mary M. Burkheiser for the specific performance of a land contract. From

a decree dismissing the bill, plaintiff appeals.    Affirmed.

*Leon Dreifuss,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant.

STEERE, J.    In this suit plaintiff seeks specific performance of an alleged contract for purchase of real estate described in his bill of complaint as:

"Lot numbered twenty-one (21) of block (1) one of John M. Dwyer's subdivision of the easterly 32 acres of ¼ section 1, ten thousand acre tract, Hamtramck, Wayne county, Michigan, according to the recorded plat thereof in liber 15 of plats, on page 47, Wayne county records."

On April 30, 1923, negotiations were entered into between plaintiff and defendant resulting in his paying to her $10, for which she gave him the following receipt:

"Received from Perry Klasky ten dollars ($10.00) as deposit on sale of lot 21, block 1, John M. Dwyer sub., sale price $1,100.00.
                    (Sgd.)    "MARY M. BURKHEISER.
    "April 30, 1923."

Shortly after paying defendant the $10 and receiving the above-quoted receipt plaintiff went to her residence and requested of her that she give him a good and sufficient conveyance of said property for which he was ready and willing to pay or cause to be paid the balance of the purchase price contemporaneous with performance on her part; but having changed her mind she absolutely refused, repudiated the deal and in answer to his bill of complaint, on which temporary injunction had been granted, entered her appearance by counsel and made a motion in the nature of a demurrer for dismissal of the bill on the

ground that the memorandum in writing she had given was not sufficient under the statute of frauds to bind her. The motion to dismiss was granted and plaintiff removed the proceeding to this court for review. In support of his contention that the memorandum relied on is sufficient his counsel cite *Mull* v. *Smith,* 132 Mich. 618; *Duncombe* v. *Tromble,* 219 Mich. 8; *Barton* v. *Molin,* 219 Mich. 347.

In *Mull* v. *Smith* defendant made the following written proposal:

"Fremont, Mich., December 22, 1900.
"Forty acres for $600. Mortgage $250. Leaves balance $400. Will take cash $375 for my interest in place.
"FRANK H. SMITH."

Mull accepted this offer and paid $100 down. Smith gave the following memoranda in writing:

"Fremont, Mich., December 22, 1900.
"I agree to give Mr. E. M. Mull a warranty deed of the Burns farm upon payment of $275, subject to mortgage of $250.
"FRANK H. SMITH."

"$100.00 Fremont, Mich., 12-22, 1900.
"Received of E. M. Mull one hundred dollars to apply on payment of Burns farm.
"F. H. SMITH."

In *Duncombe* v. *Tromble* plaintiff gave to Charles Messmer, as agent for defendant, $10 and was given the following receipt:

"Aug. 13, 1920.
"Received from C. Duncombe $10.00 as option on house on lot No. 95.
(Sgd.) "CHAS. MESSMER."

Three days later Duncombe personally paid Tromble $490 and received from him the following:

"Detroit, Mich., Aug. 16, 1920.
"Received of Clark A. Duncombe, Susan Duncombe,

five hundred and no-100 dollars, to apply on contract—
lot 95, Robert Oakman's Livernois & Terminal sub.
$500
$40 per month.
$4,250.00 purchase price.

                (Sgd.)     "EUGENIA A. TROMBLE."

In *Barton* v. *Molin* the written evidence of the transaction is as follows:

> "Wayne County & Home Savings Bank,
>      "Detroit, Mich., Aug. 15, 1919.   No.....
>   "Pay to the
>      order of S. B. MOLIN                    $500.00
> Five hundred .......................... Dollars
> to apply on purchase price of 16,000.00 located at
> 356-358-60 McGraw and
> balance of 7,500 to be payed
> in thirty days               DELIA M. BARTON.
> (indorsed S. B. Molin—certified Aug. 16, 1919 for
> $500 by Wayne County & Home Savings Bank, Cashed
> No. 1.    Paid Aug. 19, 1919 by Commonwealth Federal
> Sav. Bank, Detroit, Mich.)."

>                              "Sept. 9, 1919.
>   "Received of Delia Barton, Two hundred Dollars
> ($200.00) to apply on Terrace.   By check given to
> Delia Barton as a deposit on Terrace at 358, 360 and
> 362 McGraw Ave.
>                        "Dr. S. B. MOLIN."

It will be noted that in each of these three cases the
State and city are given while in the instant case no
State, county, city, or village is named, leaving to
conjecture or parol evidence the whereabouts of "John
M. Dwyer Sub."    The method of describing urban
property by lot and subdivision is not confined to this
State.    Even in tax title proceedings where governmental methods of description of lands are used failure
to name the county and State in which they are located
is held a fatal defect.    *Tucker* v. *Van Winkle,* 142
Mich. 210.

In *Cooper* v. *Pierson,* 212 Mich. 657, only a street

number was given which under former rulings of this court would be sufficient provided the city and State were given. The court there said:

"If one had no information as to the location of the property except what he was able to gather from the face of the option, he would have great difficulty in locating it. It does not appear from the face of the paper in what State, county, city or village it is situate. In order to be of any force in designating the property intended to be conveyed, the option would have to be aided by parol evidence. We must, therefore, conclude that the option, considered by itself, was not sufficiently definite and certain to satisfy the statute. *Droppers* v. *Marshall*, 206 Mich. 560."

The decree of the lower court will stand affirmed, with costs to defendant, less $10 with interest, being the amount defendant obtained from plaintiff without consideration by imposing upon him a worthless receipt.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and MOORE, JJ., concurred.