## ATLAS *v.* GUNSBERG PACKING CO.

1. TRIAL—FINDINGS OF JUDGE TAKE PLACE OF VERDICT—NOT DISTURBED IF SUPPORTED BY EVIDENCE.

    In a trial before the court without a jury, the trial judge's findings of fact take the place of a verdict by the jury, and ordinarily, on review, will not be disturbed if there is evidence in the record to support them.

2. LANDLORD AND TENANT—ACCEPTANCE OF LEASE.

    In an action for rent alleged to be due under a lease, the finding of the trial judge that the memorandum, claimed to constitute a lease, which was not signed by defendant, had never been accepted by it, *held*, justified by the record.

3. FRAUDS, STATUTE OF—LEASE—DESCRIPTION—SUFFICIENCY.

    A memorandum claimed to constitute a lease of property located on a corner, with four entrances, each numbered, which described it by one number on one street only, and also omitted to name the city, county, or State, was properly held insufficient to satisfy the statute of frauds.

[1]Appeal and Error, 4 C. J. § 2853; [2]Frauds, Statute of, 27 C. J. § 479; Landlord and Tenant, 36 C. J. § 1352; [3]Frauds, Statute of, 27 C. J. § 324.

Error to Wayne; Merriam (De Witt H.), J.    Submitted January 27, 1927.    (Docket No. 30.)    Decided October 3, 1927.

Assumpsit in justice's court by Edward A. Atlas against the Gunsberg Packing Company for rent. Judgment for defendant. Plaintiff brings error. Affirmed.

*Grosner & Burak,* for appellant.

*Stevenson, Butzel, Eaman & Long (Rockwell T. Gust,* of counsel), for appellee.

Steere, J.    This case was commenced in justice's court, and appealed to the circuit court where it was tried without a jury.    On request of counsel the trial judge filed findings of facts and conclusions of law as follows:

"Plaintiff brought this suit in justice's court to recover rent for certain premises in the city of Detroit. Other suits are pending to recover rent for other periods.    Plaintiff claims that defendant entered into a lease covering certain property in the city of Detroit for a period of three years.    Defendant pleaded the general issue and the statute of frauds.    Plaintiff's testimony tended to prove that the parties negotiated concerning the lease and arrived at a bargain; that plaintiff wrote out a memorandum covering the terms of the lease and delivered it to the president of the defendant company and that at substantially the same time the defendant company gave their check for one hundred dollars ($100) to apply on the rental; that thereafter the defendant company placed certain barrels in the premises and allowed them to remain there for about a week or ten days, at which time they were removed and plaintiff notified that the defendant refused to recognize the lease.

"The president of the defendant company was called for cross-examination under the statute and his testimony tended to prove that although some negotiation was had concerning the leasing of the premises that

no final bargain was made and that the check for $100 was given during the course of these negotiations; that thereafter the plaintiff executed a so-called memorandum of the lease and left it at the office of the defendant company, together with the key to the premises, while the president of the defendant company was absent; that when the president of the defendant company found the memorandum and key he immediately returned them to the plaintiff, claiming that the memorandum did not represent the bargain of the parties and that he refused to be bound thereby. The presence of the barrels in the premises are explained by the claim that they were placed therein for the purpose of taking away some rubbish from the premises, while the parties were negotiating relative to the lease, at the joint direction of plaintiff and defendant.

"The first question that arises is whether or not the memorandum of lease relied upon by plaintiff is sufficient to satisfy the statute of frauds. The memorandum describes the property as No. 2150, 20th street, and does not name any country, State or city. Under our statute the description is insufficient. See *Klasky* v. *Burkheiser,* 225 Mich. 121; *Cooper* v. *Pierson,* 212 Mich. 657.

"It is not aided by the check because there is no writing connecting the two documents or in any way establishing that it was intended that this check should be a part of the receipt or aid the description, and parol evidence is not admissible for this purpose. Indeed, it was conceded by counsel for plaintiff on the oral argument that the action could not be maintained except under the doctrine of part performance, and it was claimed that the defendant, having placed some of its property in the building, had so partly performed the same as to take the case out of the statute of frauds. The doctrine of part performance has no application to an action in law. *Dickinson* v. *Wright,* 56 Mich. 42; *Cheseborough* v. *Pingree,* 72 Mich. 438 (1 L. R. A. 529); *McIntosh* v. *Hodges,* 110 Mich. 319; *Hallett* v. *Gordon,* 122 Mich. 567.

"Even if the memorandum was in itself sufficient to satisfy the statute of frauds, still the burden of proof is upon the plaintiff to show its acceptance by the defendant. It is not necessary that the defend-

ant lessee sign the instrument.    *Mull* v. *Smith,* 132 Mich. 618.

"It is necessary, however, for the plaintiff to show acceptance, and I am not satisfied with the proofs in this case that the plaintiff has sustained the burden resting upon him to show such acceptance even though the memorandum should be deemed sufficient to satisfy the statute of frauds.    Judgment may therefore be entered of no cause of action."

Appellant has removed the case to this court for review by writ of error, claiming fundamentally that what the testimony showed was said and done between the parties amounts in legal effect to an acceptance of a lease of the property.    That contention is concisely voiced in his counsel's brief as follows:

"The trial court held:    'The defendant by placing its property in the building and paying on the rent, did not take the case out of the statute of frauds.'    Is that the law of this State?    That is the sole question involved.

"The parties to this suit have made a lease.    Defendant moved into the premises.    He occupied the same for ten days or two weeks.    He endeavored to sublease.    There is a deficiency of rent of $450 under that lease for which this suit is instituted."

This statement of what was held by the trial judge is not borne out by his findings and conclusions of law. It also seems to assume there was no conflict in the testimony, while a reading of the record discloses a sharp dispute on the controlling issues of fact.    Defendant denies emphatically, with direct supporting testimony, that it ever had accepted the lease as claimed by plaintiff.    The law is well settled in this State that a trial judge's findings of fact take the place of a verdict by a jury, and ordinarily will not be disturbed if there is evidence in the record to support them.    There was testimony in the case which, if believed, justified the court in finding that there had been no acceptance of the lease in question.

Touching the sufficiency of the written memorandum under the statute of frauds as contended for plaintiff, he orally described the property as follows:

"That is a brick building.

"Q. How many stories?

"A. One and one side is one and a half. It is on the corner and has four different entrances, one of these entrances is No. 2140 Twentieth street. Another is number 2150. There are two doors on Newark street. I don't remember exactly those numbers because we don't use it that side. There are numbers on Newark street, I think one door with a number."

The memorandum held insufficient by the trial court not only failed to name the city, county, or State, but it also failed to say anything about "No. 2140 Twentieth street" and made no mention of the "numbers on Newark street."

In addition to the cases cited by the trial judge in his findings as to the insufficiency of the memorandum, see *Tucker* v. *Van Winkle,* 142 Mich. 210; *Droppers* v. *Marshall,* 206 Mich. 560.

We find no occasion to discuss the plaintiff's other assignments of error.

The judgment will stand affirmed.

SHARPE, C. J., and BIRD, SNOW, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.