SWIDERSKI *v*. SHURER.

1. Frauds, Statute of—Receipt—Sufficiency.

Description of property in receipt for consideration for use of a private sewer is sufficient to satisfy statute of frauds (3 Comp. Laws 1929, § 13411), where date line shows State, and county or city, dominant tenement is described by giving plat, lot number and township name and servient tenement may be located from reference to name of private sewer.

2. Contracts—Mutuality—Easements—Sewers—Duration.

Claim of lack of mutuality in contract for easement in sewer because discontinuance could be had at will where right was not limited as to time *held,* without merit.

Appeal from Monroe; Root (Jesse H.), J. Submitted October 4, 1933. (Docket No. 55, Calendar No. 37,386.) Decided December 5, 1933.

Bill by John A. Swiderski against Edward Shurer to enjoin further use of a private sewer. Bill dismissed. Plaintiff appeals. Affirmed.

*John E. Blake,* for plaintiff.

*Geo. S. Wright,* for defendant.

Butzel, J. Plaintiff is the owner of lot 21, and others, in what is known as the Grauf plat, lying just south of the city of Monroe, in Monroe county, Michigan. He built a private sewer for the drainage of lot 21, and other lots, connecting it with the county ditch several hundred feet to the south. Edward Shurer, defendant, acquired title to lot 6 of the same plat. He constructed a tile drain running from the cellar of his house, across a part of lot 6 of the same plat, and sought permission to connect it with plaintiff's private sewer. This permission was granted, in consideration of the defendant's paying plaintiff the sum of $30, and the following receipt was executed:

"October 20, 1931,
Monroe, Mich.

"Received from Mr. Edward Shurer $30 payment in full for the tap on John Swiderski private sewer for lot No. 6 on Grauf plat, township of Monroe.

(Signed)    "John A. Swiderski."

It will be noted that the receipt does not limit the right of defendant to use the private sewer for any particular portion of lot 6.

In the spring of 1933, defendant found it necessary to drain some low land near his house and extended the drain to a point about 15 feet from the rear of the lot. Whether due to heavy rains or other factors, plaintiff claims that, in the spring of 1933, his private sewer was worked beyond its capacity, resulting in the projection of back-water and sewage refuse into the cellars of plaintiff's dwellings located on the lots which the sewer was originally designed to serve.

The instant suit was brought to enjoin defendant from further use of the sewer. Plaintiff claimed that the drain was built up to the northerly end of lot 6 and in some manner was draining the surface water from a large area of adjoining land owned by third parties. The trial judge who heard the case personally inspected the premises, notwithstanding plaintiff's protest. He found that defendant's drain did not extend entirely across his lot.

Plaintiff appeals from a decree dismissing his bill. He claims that the receipt does not fully describe the property, and, therefore, fails to comply with the statute of frauds (3 Comp. Laws 1929, § 13411). He relies on the case of *Cooper* v. *Pierson,* 212 Mich. 657, in which the description of the property as "lots 831, 833 and 835, North Saginaw street" was held insufficient, inasmuch as the memorandum neglected to name the State, county, or village in which the land was situated. The receipt in the instant case is dated at Monroe, Michigan, the dominant tenement is described by giving the plat lot number and township, and the servient tenement may be located from the reference to the John Swiderski private sewer. We believe the description is sufficient. *Francis* v. *Barry,* 69 Mich. 311; *Tuthill* v. *Katz,* 163 Mich. 618.

Plaintiff further claims that there is a lack of mutuality in the contract, alleging that the right to an easement in the sewer, not being limited in time, could be discontinued at will. This claim and others of a trivial nature have no merit. The trial judge reached the correct conclusion and the decree dismissing the bill is affirmed, with costs to defendant.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.