## CRAMER v. BALLARD.

1. FRAUDS, STATUTE OF—SALE OF LAND—SUFFICIENCY OF DESCRIPTION IN MEMORANDUM—EXTRINSIC EVIDENCE.

Memorandum for sale of land was sufficient to satisfy statute of frauds where description therein was supplemented by extrinsic evidence not contrary to the writing and seller owned only one tract of land answering such description as was given therein (3 Comp. Laws 1929, § 13413).

Per BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ.

2. SAME—PURPOSE OF STATUTE.

The statute of frauds exists in the law for the purpose of preventing fraud or the opportunity for fraud, not as an instrumentality to be used in aid of fraud or as a stumbling block in the path of justice.

3. SAME—EXTRINSIC EVIDENCE TO SUPPLEMENT DESCRIPTION—PART PERFORMANCE—EQUITY—STATUTES.

Even though an agreement might be void under the statute of frauds because of dependence in part upon extrinsic evidence to supplement description in order to identify land involved, a court of equity has statutory power to grant specific performance of such agreement of which there has been at least part performance and such relief should be granted when, as between the parties, an equitable result will thereby be accomplished (3 Comp. Laws 1929, §§ 13413, 13415).

Per BUTZEL, C. J., and CARR, BOYLES, REID, and NORTH, JJ.

Appeal from Hillsdale; Arch (Charles O.), J. Submitted April 10, 1946. (Docket No. 30, Calendar No. 43,300.) Decided September 11, 1946.

Bill by Max Cramer against Etna Ballard for special performance of contract to sell real estate.

Statute of frauds, sufficiency of writing, see 2 Restatement, Contracts, 207.

Decree for defendant. Plaintiff appeals. Reversed and decree entered requiring specific performance.

*James I. Moran,* for plaintiff.

*Dimmers & Cornell,* for defendant.

BUSHNELL, J. On January 4, 1944, the following written agreement was made by defendant Etna Ballard and plaintiff Max Cramer:

"I, Etna Ballard, hereby agree to rent my farm to Max Cramer for 1 year beginning February 1, 1944, for $16 a month. He to have the privilege of buying the farm for $3,500 any time during the year, also if he sows fertilizer the first year, he is to have the benefit of it later, or be recompensed for it."

(Signed) "ETNA BALLARD"
(Signed) "MAX CRAMER"

Cramer subsequently moved to the farm and paid the rent personally until he went into the army. The farm was then occupied by his brother, with the consent of Mrs. Ballard, and Ford Cramer, the father of Max, paid the rent. On August 1, 1944, Ford Cramer paid $100 to Mrs. Ballard, taking a receipt therefor, reading: "Received of Max Cramer 100, on farm contract."

Ford Cramer testified that he paid this $100 on the purchase price of the farm and that when Mrs. Ballard refused to convey to his son, Max, he deposited the remainder in escrow in the Addison State Bank. A Miss Cleveland, who described herself as a banker, testified in part as follows:

"Mrs. Ballard came there and asked me if there was any money left there for her. She told me she had some arrangement with this young Cramer and

she asked if there was money deposited for her. I told her there was, and that my instructions were, if she delivered a deed, to pay her $3,400."

Mrs. Ballard admitted on cross-examination that the farm in question was the only one she owned. Her explanation of the $100 transaction is as follows:

"When Mr. Ford Cramer brought me the $100, he just laid it down and left it. I gave it back to him and told him I did not want to accept it because I did not know whether I was going to sell the place to him. When I gave him that option of buying the place within a year, I did not suppose I had to sell it to him. I did not expect he had to buy it when he was taken into the army, and I did not have any idea that I was going to make him buy the place if he did not want to. I knew that Mr. Cramer was talking for Mr. Max Cramer's benefit at the time because he told me he was."

The circuit judge, citing *Ogooshevitz* v. *Arnold,* 197 Mich. 203, and *Cooper* v. *Pierson,* 212 Mich. 657, held that the writing in question "was not complete within itself and therefore barred by the statute of frauds." He determined there was $96 due for rent, and that the $100, now in the hands of the clerk of the court, should be applied against that rental and taxable costs.

The applicable statute, 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908), reads in part as follows:

"Every contract for the leasing for a longer period than one year, or for the sale of lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the lease or sale

is to be made, or by some person thereunto by him lawfully authorized in writing."

Defendant argues that the writing is insufficient, because "it fails to describe properly or identify the premises that are claimed to have been the subject matter of the agreement."

The writing in the *Cooper Case* did not describe the premises in question, except by certain lot numbers on North Saginaw street. The headnote of that case reads:

"A memorandum for the sale of land, to be sufficient to satisfy the statute of frauds (3 Comp. Laws 1915, § 11975), must be complete in itself and leave nothing to rest in parol; it must be certain and definite as to the parties, property, consideration, premises, and time of performance."

This court, however, affirmed the determination of the trial judge that the option in question, together with a separate paper, described as a 10-day extension, which repeated the description in the option and added Flint, Michigan, was sufficient to satisfy the statute of frauds. Extrinsic evidence was therefore accepted in the *Cooper Case* to supply the missing designation of the location of the property. This, despite the statement of the trial judge in the *Cooper Case,* that:

"If one had no information as to the location of the property except what he was able to gather from the face of the option, he would have great difficulty in locating it. It does not appear from the face of the paper in what State, county, city or village it is situate. In order to be of any force in designating the property intended to be conveyed, the option would have to be aided by parol evidence. We must, therefore, conclude that the option, considered by

itself, was not sufficiently definite and certain to satisfy the statute.''

It must therefore follow that the *Cooper Case* is questionable authority for the proposition that extrinsic evidence cannot be introduced.

This authority and others stem from *Gault* v. *Stormont,* 51 Mich. 636, where Mr. Justice Cooley, speaking for the court, held the writing insufficient, ''for though it specified the purchase price, it failed to express the time or times of payment, and there is no known and recognized custom to fix what is thus left undetermined. A memorandum, to be sufficient under the statute, must be complete in itself, and leave nothing to rest in parol.''

There is, however, a line of authorities that has its origin in *Eggleston* v. *Wagner,* 46 Mich. 610, permitting the identification to be supplied by extrinsic evidence. In *Garvey* v. *Parkhurst,* 127 Mich. 368, the Court epitomized the rule in the *Eggleston Case,* saying:

''It is urged that the contract, if any existed, between Charles and Harry, is void under the statute of frauds, because it does not contain a sufficient description of the property. This contention cannot prevail. A governmental description, or a description by metes and bounds, is not required to the validity of a contract for the sale of lands. It is sufficient if the land be described by name so as to be identified by extrinsic evidence not contradictory of the contract. Thus, a description 'The Schoolcraft Store,' held sufficient. *Francis* v. *Barry,* 69 Mich. 311. So, land described as, 'My title and interest in the lands,' et cetera, belonging to a certain business, held sufficient. *Eggleston* v. *Wagner,* 46 Mich. 610. So, in this case, a letter referring to

the land as 'my place,' meaning the place situated in the township of Moorland, sufficiently describes the land. It is evident that it was the only place he owned in that township. The identification can be supplied by extrinsic evidence without conflicting with the contract.''

The holding in *Ogooshevitz* v. *Arnold,* 197 Mich. 203, and the rule stated at page 207 are not in conflict with *Garvey* v. *Parkhurst, supra.*

The rule in *Gault* v. *Stormont,* 51 Mich. 636, 638, was distinguished from that in *Eggleston* v. *Wagner,* 46 Mich. 610, 618, by Mr. Justice Harlan in *Ryan* v. *United States,* 136 U. S. 68, (10 Sup. Ct. 913, 34 L. Ed. 447). That case, which was argued by Mr. William H. Taft, as solicitor general, involved an agreement to sell lands now the site of Fort Brady at Sault Ste. Marie, Michigan. Ryan insisted that the writings relied upon to establish a valid and binding contract did not satisfy the Michigan statute of frauds, because the land was not sufficiently identified. The court quoted with approval from the *Eggleston Case* and held that in Michigan, ''it is not essential that the description in the proposal of sale have such particulars and tokens of identification as to render a resort to extrinsic aid entirely needless when the writing comes to be applied to the subject matter.''

This is recognized in 49 Am. Jur. pp. 656, 657, as the general rule. In the same text it is also stated that:

''The circumstances that the seller owns only one tract of land which answers the description given in the memorandum operates to render sufficient a description which under other circumstances might be too general to satisfy the statute.''

See, also, *Michelson* v. *Sherman,* 310 Mass. 774 (39 N. E. [2d] 633, 139 A. L. R. 960).

The decree in the instant case should be vacated and any rents paid since December of 1944 shall apply as a credit towards the purchase price.

The decree is vacated and one may be entered here requiring specific performance of the agreement to sell. Costs of both courts to appellant.

BUTZEL, C. J., and CARR, SHARPE, and REID, JJ., concurred with BUSHNELL, J.

BOYLES, J. (*concurring*). I agree with the conclusion reached by Mr. Justice BUSHNELL but feel that it should be made plain this conclusion does not overrule *Benedek* v. *Mechanical Products, Inc.*, 314 Mich. 494, although it constitutes an exception to the general rule there laid down concerning the admission of extrinsic testimony. The precise question here is whether parol testimony is admissible to show that a memorandum in writing signed by the owner of real estate giving a prospective purchaser an option to buy is, under the circumstances of this case, sufficient to satisfy the statute of frauds when the real estate is merely described as "my farm." In other words, is extrinsic testimony admissible to supplement the description so as to show where the farm is situated. On that question, our decisions seem to be in conflict. In the instant case, plaintiff as the prospective purchaser seeks to compel specific performance of the claimed option. It is admitted that both parties knew what farm was meant by the memorandum, that it was the only farm owned by the defendant who gave the option. The option was part of a memorandum for lease of the farm to plaintiff by the defendant herein. Under the lease the plaintiff went into possession, made improvements, and has continued to pay the rent. Plaintiff's brother continued in possession while plaintiff was in the service, $100 has been

paid with plaintiff's money on the purchase price
and accepted by the defendant, and the balance of
the purchase price has been deposited in a bank in
escrow, to be paid over to defendant on delivery
of a deed. All this was done within the option
period. The precise question is whether such testi-
mony of the facts and circumstances is admissible;
if so, these facts clearly establish that plaintiff does
not seek to dispute or contradict the description
in the option, but merely to add to and supplement
it, in order to show the undisputed understanding
of the parties as to what real estate was referred
to.

The statute involved (3 Comp. Laws 1929, § 13413
[Stat. Ann. § 26.908]) provides that every contract
for the sale of lands, or any interest in lands, shall
be void unless the contract, or some note or mem-
orandum thereof, be in writing and signed by the
party by whom the sale is to be made, or by some
person thereunto by him lawfully authorized in
writing. The general rule of law is well settled
in this State, that in order to satisfy the statute
of frauds the memorandum must be complete in
itself and leave nothing to rest in parol. *Benedek*
v. *Mechanical Products, Inc., supra.* There are de-
cisions of this court which support the conclusion
reached by Mr. Justice BUSHNELL, that extrinsic
testimony is admissible to establish the sufficiency
of the description in a memorandum or agreement
for sale of real estate to satisfy the statute, and
other decisions seemingly to the contrary.

In *Eggleston* v. *Wagner*, 46 Mich. 610, extrinsic
testimony was allowed, to add to and supplement
the description in a contract to sell real estate, the
material part of which was as follows:

"I will sell you my entire rights, title and inter-
est in the lands, buildings, stock, cash and accounts,
and all assets whatever, belonging to the business of

the Kalamazoo Spring & Axle Works, or standing in my name, and bought for the use of said business.''

In approving the admission of extrinsic testimony to supplement such a description, the court said (p. 618):

''A further objection is that the proposal did not sufficiently describe the real estate to satisfy the statute of frauds. The general principle is not questioned. The degree of certainty with which the premises must be denoted is defined in many books, and the cases are extremely numerous in which the subject has been illustrated. They are not all harmonious. But they agree in this, that it is not essential that the description have such particulars and tokens of identification as to render a resort to extrinsic aid entirely needless when the writing comes to be applied to the subject-matter. The terms may be abstract and of a general nature, but they must be sufficient to fit and comprehend the property which is the subject of the transaction; so that with the assistance of external evidence, the description, without being contradicted or added to, can be connected with and applied to the very property intended and to the exclusion of all other property.''

In *Francis* v. *Barry*, 69 Mich. 311, the particular section of the statute of frauds here involved (How. Stat. § 6181 [3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908)]) was under consideration. The real estate was referred to in the writings as ''that Schoolcraft store,'' ''the store at Schoolcraft,'' also ''the Schoolcraft-store Property.'' Extrinsic testimony was received to identify the property. This court said (pp. 319, 320):

''Upon the first point raised, the writing contains a sufficient description to identify the property.

The plaintiff had formerly owned the property, and had conveyed it to defendant's father, and defendant supposed that it had been conveyed to him, and plaintiff [*sic*] know (knew) nothing to the contrary. Plaintiff's husband appears to have acted for defendant in renting the property, collecting the rent, and remitting it to defendant. And the description contained in the first correspondence as 'the Schoolcraft Store,' and referred to by defendant in the same way in his letter of May 14, 1886, is a sufficient designation to convey the property in a deed, and so described would convey the parcel of land upon which the store stood, known, used, and occupied therewith. After having [*sic*] designed (designated) it in the correspondence as the 'Schoolcraft Store,' the subsequent correspondence conveyed a definite meaning when it referred to it as 'the property.' Both parties understood what property was meant, and so would a stranger to the parties, and to the property, fully comprehend that the term 'property' referred to and meant the Schoolcraft-store property.''

In *Garvey* v. *Parkhurst,* 127 Mich. 368, extrinsic testimony was received to identify the following description: ''his right, title, and interest to a certain place spoken of in this letter from his brother, Charles Garvey,—the place on section 6, 10–14 west, Moorland township.''

It was shown that the vendee went into possession, paid taxes, made improvements, assigned his interest in the land to defendant who went into possession, worked the farm, and made improvements. In holding the description sufficient, the court said (p. 370):

''It is urged that the contract, if any existed, between Charles and Harry, is void under the statute of frauds, because it does not contain a sufficient description of the property. This contention cannot prevail. A governmental description, or a descrip-

tion by metes and bounds, is not required to the validity of a contract for the sale of lands. It is sufficient if the land be described by name so as to be identified by extrinsic evidence not contradictory of the contract. Thus, a description 'The Schoolcraft Store,' held sufficient. *Francis* v. *Barry,* 69 Mich. 311. So, land described as, 'My title and interest in the lands,' et cetera, belonging to a certain business, held sufficient. *Eggleston* v. *Wagner,* 46 Mich. 610. So, in this case, a letter referring to the land as 'my place,' meaning the place situated in the township of Moorland, sufficiently describes the land. It is evident that it was the only place he owned in that township. The identification can be supplied by extrinsic evidence without conflicting with the contract.''

*McIntosh* v. *Hopkins,* 255 Mich. 493, like the case at bar, came up on a bill for specific performance of a contract to sell real estate described as ''the S.E. 20 of his Peninsula farm, and enough to come to the middle of the next tree row west of the line running north from party of the second part's present east line.''

Mr. Justice WIEST, writing for the court, said (pp. 495, 496):

''The description of the premises was inartistic but sufficient to enable any farmer to locate the premises with certainty. Rows of cherry trees were upon the land, and, to enable plaintiff to get to the 'S.E. 20' from his own land, it was agreed to add 20 feet thereto, or, as stated in the contract, 'to the middle of the next tree row west of the line running north.' ''

The foregoing cases support plaintiff's contention. There is a plethora of decisions in this court wherein a sentence taken alone, without consideration of the circumstances of the case, may be quoted to support the *defendant's* contention in the instant

case, that parol testimony is not admissible to satisfy the statute of frauds. An early example of such a case is *Gault* v. *Stormont,* 51 Mich. 636, where in a forcible-entry-and-detainer case the plaintiff sought to rely on a receipt for a down payment on real estate, as follows:

"Wyandotte, April 26, 1881.

"Received from George Stormont the sum of seventy-five dollars as part of the principal of ten hundred and fifty dollars on sale of my house and two lots on corner of Superior and Second streets in this city."

The question now before us, whether extrinsic testimony is admissible to identify the real estate referred to in the memorandum where such testimony is in accordance with and cannot be contrary to the description, was not there raised. The court said that other terms and provisions could not be added to the memorandum to establish its sufficiency. But in so holding, the court announced the rule (p. 638):

"A memorandum, to be sufficient under the statute, must be complete in itself, and leave nothing to rest in parol."

A like statement of the general law may be found in many other decisions of this court, where the precise question now before us was not raised, although in some of them the issues involved the sufficiency of a memorandum for sale of real estate where an attempt was being made to supplement the memorandum by extrinsic testimony. For example, *Webster* v. *Brown,* 67 Mich. 328; *Ebert* v. *Cullen,* 165 Mich. 75 (33 L. R. A. [N. S.] 84); *Hilberg* v. *Greer,* 172 Mich. 505; *Rosenbaum* v. *Tyszka,* 192 Mich. 457; *Holland* v. *Holland,* 195 Mich. 513.

In the case before us, the question is not presented as to whether extrinsic testimony may be received

to add terms, provisions or conditions to the memorandum. The issue here is limited to whether such testimony is admissible to supplement the description of the real estate where such evidence is not contradictory or inconsistent with the description. There is no claim here that the parol testimony contradicted the description in the memorandum. It merely supplemented it.

There are decisions of this court which may seem to be inconsistent with the conclusion reached by Mr. Justice BUSHNELL. Most of them may be reconciled. In *Miller* v. *Beardslee,* 175 Mich. 414, the bill of complaint was filed to cancel a deed for want of delivery, as well as for an insufficient description. It did not involve the question of admission of extrinsic testimony to supplement the description in a memorandum. The statute of frauds is not referred to in the opinion. However, the opinion in the *Miller Case, supra,* was used as the basis for the conclusion reached in *Droppers* v. *Marshall,* 206 Mich. 560, that the omission of the section number in a description in a contract for the sale of land could not be supplied or aided by parol testimony, which is contrary to the conclusion we now reach in the case at bar.

In *Cooper* v. *Pierson,* 212 Mich. 657, the plaintiff sought specific performance of an option for sale of real estate. The option described the property as "lots 831, 833 and 835, North Saginaw street," without further designation. The description was held insufficient to satisfy the statute of frauds, failing to show in what State, county, city or village it was situate. However, an extension of the option, in writing, signed by only one of the three vendors, designated the property as being located in Flint, Michigan, and this being read into the option was held sufficient to bind the vendor who

signed it. It was held that the extension in writing was a part of the option, and therefore not extrinsic. However, both *Droppers* v. *Marshall, supra,* and *Cooper* v. *Pierson, supra,* were relied upon in *Klasky* v. *Burkheiser,* 225 Mich. 121, where it was held as a matter of law that failure to name the State, county, city or village rendered the memorandum insufficient to satisfy the statute of frauds, in sustaining the granting of a motion to dismiss the bill of complaint without a hearing on the merits. Under the conclusion we now reach, these cases are modified or overruled to the extent of the specific issue now before us.

*Atlas* v. *Gunsberg Packing Co.,* 240 Mich. 141, is distinguishable on the facts. The description in the memorandum purported to locate the property on a corner, but described it by one street number on one street only, where there were four street entrances, each with a separate number, and the city, county or State were omitted. There was a conflict in the testimony; parol testimony was received which disclosed the ambiguity and uncertainty in the description as to what property was meant by it. The court heard the case without a jury, held that other parts of the contract could not be supplied by parol testimony, and this court declined to disturb the findings of fact and conclusions reached.

The case of *Windiate* v. *Leland,* 246 Mich. 659, seems to have been heard on the merits and where the description in the memorandum of sale was as follows:

"Pontiac, Michigan,
"$200.00                           July 21, 1920.
"Received from Frank Tyack, two hundred and no-100 dollars to apply on the purchase price of land at Silver Lake, payment to begin November 1,

1920; purchase price agreed on eight thousand dollars.

> "JOHN WINDIATE,
> "Per L. M. EATON,"

it was held that "land at Silver Lake" was not a sufficient description to satisfy the statute of frauds. Decision was mainly on other grounds and the equities were plainly against the parties seeking to enforce the option. The precise question now before us was not raised in that case.

An exception to the general rule, that the memorandum must be complete in itself without resort to other testimony, is not new in the decisions. It was made in decisions hereinbefore cited and discussed, and also in *Beltsman* v. *Sherman,* 224 Mich. 347, where an abstract of title, referred to in a memorandum which failed to state in what city or State the property was located, was held admissible to supply the deficiency. To a like effect, see *Tuthill* v. *Katz,* 163 Mich. 618, and *Swiderski* v. *Shurer,* 265 Mich. 187. It must be said that the precise conclusion we now reach, under the circumstances of this case, constitutes an exception to the general rule last announced in *Benedek* v. *Mechanical Products, Inc., supra,* that the memorandum must be complete in itself without the aid of parol testimony.

We are mindful of the fact that this is a case in equity. The statute of frauds exists in the law for the purpose of preventing fraud or the opportunity for fraud, not as an instrumentality to be used in aid of fraud or as a stumbling block in the path of justice. While no fraud is alleged or proven in this case, an attempt is made to rely upon the statute and thereby to defeat the undisputed intent of these parties, and this in a chancery court.

In 1943, Mr. Justice NORTH wrote for the court in *Boelter* v. *Blake,* 307 Mich. 447, a case quite similar

to the case at bar, where the plaintiffs sought the aid of equity to compel specific performance of an option to buy land, as follows (p. 451):

"Careful consideration of this record as a whole brings the conclusion that the equities are all in favor of plaintiffs, and that the contract was performed by the plaintiffs with the knowledge of the defendants to the extent equity requires plaintiffs be decreed specific performance. In this jurisdiction there are many decisions to the effect that although oral agreements to convey land are void under the statute of frauds above cited (3 Comp. Laws 1929, § 13413 [Stat. Ann. § 26.908]), yet under the related section of the statute (3 Comp. Laws 1929, § 13415 [Stat. Ann. § 26.910]) a court of equity has the power to grant specific performance of agreements of which there has been part performance; and such relief should be granted when as between the parties an equitable result will thereby be accomplished. *Willard* v. *Shekell,* 236 Mich. 197."

To the extent that our previous decisions may be considered inconsistent with this opinion, on the specific question as to admissibility of extrinsic testimony to supplement a description in a memorandum for sale of real estate, or an interest therein, for the purpose of identifying the property, not contradictory or inconsistent with the memorandum description, but merely to show that no other property could have been in contemplation, it must be understood that the court now declines to follow such decisions.

For the above reasons, I concur in the opinion of Mr. Justice BUSHNELL.

BUTZEL, C. J., and CARR, REID, and NORTH, JJ., concurred with BOYLES, J. STARR, J., took no part in the decision of this case.