## FIX v. AMIOT.

1. VENDOR AND PURCHASER—MARKETABLE TITLE.
   Contract to convey land if abstract to be furnished showed marketable title is unenforceable, where vendors could not furnish marketable title.

2. FRAUDS, STATUTE OF—INSUFFICIENT DESCRIPTION.
   Contract to convey land insufficiently described therein is void under statute of frauds.

3. QUIETING TITLE—UNENFORCEABLE CONTRACT TO CONVEY—CLOUD ON TITLE.
   Unenforceable recorded contract to convey land is cloud on title removable by court of equity.

Appeal from Monroe; Root (Jesse H.), J. Submitted April 15, 1930. (Docket No. 96, Calendar No. 34,939.) Decided June 2, 1930.

Bill by John B. Fix and another against Hubert S. Amiot and another to quiet title to land. From a decree for plaintiffs, defendant Hubert S. Amiot appeals. Affirmed.

*Golden, Nadeau & Fallon,* for plaintiffs.

*James Gibbons,* for defendant Hubert S. Amiot.

McDONALD, J. The plaintiffs, John B. Fix and Anna Fix, his mother, filed this bill to remove a cloud upon the title to their property. They had entered into a preliminary agreement for the sale of certain land to George E. Amiot, John C. Clee, and J. Harvey Wood. The sale was never consummated, but the agreement had been recorded and they claim it constitutes a cloud upon their title. This agreement was executed on November 13, 1925, and contained the following provision:

"The owners agree that they will, as soon as may be procured, deliver to the purchasers, for an examination, a complete abstract of title and tax history of said premises certified to a date later than the date hereof. If the title to said land shall be found marketable, the sale shall be consummated on May 13, 1926, by delivery of the usual land contract, when payment of a further sum of nine thousand five hundred ($9,500) dollars is to be paid in cash."

It will be noted, by reference to that portion of the agreement above quoted, that the plaintiffs did not bind themselves to furnish a marketable title. They were to furnish a complete abstract, and, if it showed marketable title, they were bound to sell and the purchasers were bound to buy. If it were not marketable, neither party was bound. Neither could be compelled to perform. The plaintiffs derived title under the will of John B. Fix, deceased, which gives Anna Fix a life estate with the remainder to John, Jr., if he survives her. In the event that he does not survive her, two-thirds of the estate goes to the testator's heirs and one-third to the heirs of Anna Fix. It is very plain that the plaintiffs cannot furnish a marketable title. The vendees

refused to accept anything less. There the contract terminated. It could not be enforced, because the plaintiffs had not agreed to furnish a marketable title and the purchasers had not agreed to accept a title that was not marketable.

Another reason why the agreement cannot be enforced is that the property to be conveyed is not sufficiently described to satisfy the statute of frauds. The fact is conceded. The question is ruled by *Cooper* v. *Pierson*, 212 Mich. 657.

The contract was executed November 13, 1925. It required a consummation of the sale May 13, 1926. The bill to remove the cloud was filed May 9, 1929. The vendees Wood and Clee executed a quitclaim deed to the plaintiffs December 24, 1928, for the purpose of quieting title. The other vendee, George E. Amiot, assigned his interest to his brother, Hubert S. Amiot, the defendant and appellant herein. This defendant has no interest which the plaintiffs are bound to recognize.

The recorded contract is a cloud upon the title of the plaintiffs' property. The trial court was right in decreeing its removal.

The decree is affirmed, with costs to the plaintiffs.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.