## ALDEA *v.* KOTYK.

1. APPEAL AND ERROR—SPECIFIC PERFORMANCE—FINDING OF TRIAL COURT—RECORD.

> On appeal in suit for specific performance of an agreement to convey land where trial judge concluded that defendant did have a marketable title or at least one satisfactory to plaintiff, where record does not include the abstract and discloses nothing to the contrary, the trial court's holding cannot be disturbed.

2. SPECIFIC PERFORMANCE—UNCERTAINTY IN DESCRIPTION—DISCONTINUED MILL POND.

> Defendant's claim in suit for specific performance of written agreement to purchase land that she did not have a marketable title because there is some uncertainty in the description of the land resulting from exception of that part of the quarter section covered by a mill pond which, though now nonexistent, formerly existed on a portion through which a creek now flows is untenable where plaintiff sought only such title as plaintiff has and was willing to accept a quitclaim deed.

3. SAME—COERCION—OVERREACHING—UNMARKETABILITY OF TITLE.

> In suit for specific performance of written agreement to purchase land from defendant, which complied with the statute of frauds, claims that defendant was coerced into accepting plaintiff's offer to purchase on terms specified, that there was overreaching because of defendant's limited knowledge of the English language, of her recent illness and an operation, and that she could disavow any obligation to convey because of unmarketability of title *held*, without merit (3 Comp. Laws 1929, § 13411).

Appeal from St. Clair; George (Fred W.), J. Submitted April 29, 1943. (Docket No. 92, Calendar No. 42,231.) Decided June 7, 1943. Rehearing denied September 7, 1943.

Bill by John Aldea against Helen Kotyk for specific performance of an agreement to sell land. Decree for plaintiff. Defendant appeals. Affirmed.

*Watson & Inman,* for plaintiff.

*Fred H. Aldrich,* for defendant.

North, J. Plaintiff in this suit for specific performance had a decree in the circuit court granting relief. Defendant has appealed. Since May, 1940, defendant has been the fee owner of land in the township of Emmet, St. Clair county, described as follows:

"The northwest ¼ of section 1, except that part covered by Brockway mill pond, all in town 7 north, range 14 east, and containing 147 acres, more or less. Subject to all legal highways and subsisting right-of-ways."

Prior to April, 1942, defendant gave to Peter J. Grace, a real estate broker, an exclusive listing for the sale of this property. Mr. Grace obtained from plaintiff an agreement in writing dated April 23, 1942, to purchase the above-described property for $8,000. The land described in this agreement to purchase is the same as that in the deed to defendant. When this agreement to purchase was first presented to defendant for her written acceptance she refused; but on April 27, 1942, and after consultation with persons of her own choice, she did sign the written offer and agreement of plaintiff to purchase. At this time defendant was paid $150; and on the same day Mr. Grace as agent for defendant received the additional $350 on the purchase price, as provided in the memorandum of sale signed by both parties. Shortly thereafter when the abstract of title was brought to date and title dis-

closed which was acceptable to plaintiff, defendant refused to convey upon demand by plaintiff and tender of the balance of the purchase price. This tender of the balance of the purchase price and demand for conveyance were made May 5, 1942. Appellant's brief is largely devoted to the following question:

"In a proposal to purchase property from an- other on a down payment of a certain sum to be returned to the proposed vendee, should the title be found unmarketable, mentioning the terms upon which the balance of the purchase price shall be paid, in which it is provided that deal shall be closed within 10 days from delivery of abstract certified substantially to date, which abstract is furnished by the party to whom offer is made and which offer is accepted in writing by him, when the abstract discloses that the proposed vendor does not have a marketable title to the land in question, and he tenders back the said down payment and demands that the papers be cancelled, has the person making the offer to purchase the right to compel the other party to accept the remainder of the sum mentioned as purchase price, and to give to him a warranty deed to the property mentioned in said proposal and acceptance?"

It is appellant's contention that the trial court erred in granting to the purchaser specific performance under the circumstances in the quoted question. A major difficulty with appellant's contention is that the trial judge concluded from the testimony produced before him that appellant did possess a marketable title or at least one with which plaintiff "was satisfied as to the title after receiving his attorney's opinion;" and since the record on this appeal, which does not include the abstract, discloses nothing to the contrary, we cannot disturb

the holding of the trial court. Instead it may fairly be inferred from the record as a whole that appellant does have a marketable title to the land described in the purchase agreement which was accepted by her and as described in the deed to plaintiff which appellant refused to sign. Appellant's contention is that because there is some uncertainty in the description of the land resulting from the words "except that part covered by Brockway mill pond" which pond, though now nonexistent, formerly existed on a portion of the premises through which a creek flows, it is not ascertainable to what land appellant has a marketable title and, therefore, she is not bound to specifically perform her agreement to sell to plaintiff. This contention is clearly not tenable. The title which appellant has to the remaining portion of the northwest quarter of section 1 is all she contracted to convey and is all plaintiff is demanding. Appellant's present contention is not very impressive in view of the fact that in effect, through her attorney, she refused at the trial in the circuit court to convey title to plaintiff even by quitclaim deed.

The agreement of sale of which plaintiff seeks specific performance complies with the statute of frauds;* and, as the trial judge found, there is no merit to appellant's claim that she was coerced into signing the acceptance of plaintiff's offer to purchase on the terms specified; nor was there an overreaching which appellant asserts was made possible because she has but a limited knowledge of the English language, and had been ill and undergone an operation some time before she signed the agreement. Further, we cannot agree with appellant's contention that the contract of sale which she en-

_____
* See 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906).—Reporter.

tered into with plaintiff, "until the question of title was settled, was a mere option without consideration," and therefore she could (and did) disavow any obligation to convey prior to plaintiff's demand for performance, especially in view of the fact that she did not have a marketable title, as she now claims. In any event this cannot affect decision herein since it has been adjudicated appellant does possess a marketable title to the land described in the agreement; and, since appellant does have marketable title, decision in *Fix* v. *Amiot,* 251 Mich. 124, upon which she largely relies is not pertinent to the instant case.

The decree entered in the circuit court is affirmed, with costs to appellee.

BOYLES, C. J., and CHANDLER, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.